CHARLESTON, &c., RAILROAD COMPANY v. LEECH.

1. PARTITION—RIGHT OF WAY—COMMISSIONERS.—A railroad company holding the grant of a right of way from one tenant in common, the other tenants in common filed a petition for compensation. Thereupon the railroad company instituted action to require its grantor and the other tenants to make partition, and it was so decreed. *Held*, that the partition so ordered was properly committed to five commissioners under the practice prescribed by statute.

2. IBID.—IBID.—IBID.—The partition was ordered between the defendants at the instance of the railroad company, but the company was really not a party to the partition, and therefore the judge properly treated the grantor of the right of way as plaintiff in the partition in the sense of the statute, and gave to her, and not to the company, the right to name the commissioners on the part of the "plaintiff," guarding in his order, in every way practicable, the rights of the company against its grantor and her co-tenants.

Before WITHERSPOON, J., York, November, 1890.

This was an action by the Charleston, Cincinnati & Chicago Railroad Company against M. Elizabeth Leech and her children. The opinion states the case.

*Mr. G. W. S. Hart*, for appellant.

*Mr. C. E. Spencer*, contra.

February 29, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This case has been in this court before (see 33 S. C., 175), where the facts are stated. Briefly, it appears that M. Elizabeth Leech and her four minor children, Mary V. Leech, Joseph W. Leech, Samuel Leech, and John S. Leech, are tenants in common of a certain tract of land which descended to them as heirs at law of Joseph W. Leech, deceased, over which tract of land the plaintiff's railroad has been constructed; that Mrs. Leech, the only adult tenant in common, had granted to the said company the right of way, to enter upon and construct "on each and every parcel of land belonging to her, the said M. Elizabeth Leech," &c.; that when the railroad was completed through the land the minor children, the other tenants in common, filed their petition in the Court of Common Pleas, praying that the railroad company should be required to make proper compensation for the damage done to their interest, and also praying an assessment for damages to the whole tract by the construction of the road thereon. Thereupon the railroad company brought this action, making all the co-tenants parties, to enjoin the proceeding of the minors and to require Mrs. Leech, their grantor of the right of way, to have partition made of the lands, &c. After various proceedings, which need not be referred to here, this court, upon appeal, reversed the judgment which had been made below, and remanded the case to the Circuit "for the purpose of enabling the Circuit Court to proceed with the partition, in the meantime suspending further proceedings under the petition filed by the minor defendants until the partition has been effected. The question as to how the partition shall be made, and the claim made by the complaint to subject the share of Mrs. Leech to the payment of any amounts which the plaintiff may be required to pay the minor co-tenants by way of compensation or damage, not having been considered by

the court below, are matters not now before us, and have not, therefore, been considered."

Accordingly the case went back, and coming on again for trial before his honor, Judge Witherspoon, he held that section 1830 of the General Statutes must control the procedure in partition, and that although the application for partition was not her voluntary act, Mrs. Leech, and not the railroad company, must be regarded as the real "plaintiff" in the sense of the section aforesaid. And so ruling he directed a writ of partition to issue, conforming in all respects to the requirements of the section (General Statutes) aforesaid, adding: "The clerk shall insert in the writ a special direction to the commissioners that they must, if the same be practicable, other things being equal, partition the said lands, so that the railroad bed and right of way of the railroad company shall lie upon the part (if any) assigned to Mrs. Leech ; and if not the entire railroad bed and right of way, then as much thereof as the commissioners shall find it practicable, other things being equal, to include upon the lands (if any) assigned to Mrs. Leech. The commissioners shall also be sworn to observe faithfully the said direction, and all other directions of the writ, and impartially to carry into execution the said directions, and all other directions of the writ. The clerk will allow Mrs. Leech to name two of the five commissioners, J. Edward Leech, guardian *ad litem*, to name two more, and he will himself select the fifth. None of the five commissioners must be connected or related by blood, or in business with either Mrs. M. E. Leech or her said children, or the plaintiff herein, the railroad company," &c.

From this order the railroad company appeals to this court on the grounds printed in the "Brief," which, as we think, may be considered under two general propositions :

*First.* That his honor erred in holding that section 1830 of the General Statutes should control the partition in this case, and in not holding that the partition should be made under special instruction from the court independent of the statute. This seems to be a novel case. Our attention has not been directed to any authority precisely analogous. The section referred to, as amended in 1885, provides : "The Court of Com-

mon Pleas has jurisdiction in all cases to make partition in kind of real and personal estate held in joint tenancy or in common, or by allotment to one or more of the parties. * * * Writs of partition shall be issued and directed to five persons, two of whom shall be nominated by the plaintiff and two by the defendant, and the fifth by the officer issuing the same," &c. The Court of Common Pleas now administers both law and equity, and the old question so long maintained between the courts of law and equity as to their respective jurisdictions and forms of procedure in making partition no longer exists. The Court of Common Pleas now has the whole jurisdiction, and it would seem no longer allowable for the court to disregard at will the plain, positive provisions of the law, and to adopt in its place some unsettled, floating proceedings, supposed by the acting judge to be more flexible and equitable.

As we understand it, the law is binding upon the equity side of the court as well as the law side. Even before the union of the administration of law and equity by the same court, it was said by Chancellor Dunkin in *Graydon* v. *Graydon* (McMul. Eq., 63): "The terms of the act give the same authority to the Court of Common Pleas as to the Court of Equity. * * * It is believed that a strict observance of the requirements of the law will, in the end, prove the least troublesome, the least expensive, and the least tedious," &c. This seems to have been the original view of the plaintiff company, for in its complaint there was the usual prayer "that a writ of partition be issued, directed to five commissioners, as provided by law," &c. It will be observed that the issuing of the writ in partition does not preclude such special directions to the commissioners as may be thought proper and equitable. See *Buck* v. *Martin*, 21 S. C., 593, and the authorities there cited.

*Second.* But it is further contended that if the usual procedure directed by the act cited is to control this case, his honor erred in holding that Mrs. Leech (and not the railroad company) is the "plaintiff," within the sense of the aforesaid section (General Statutes), and entitled to nominate two of the commissioners in partition. By the previous decision of this court, the plaintiff company as grantee of the right of way from Mrs.

Leech had the right to require her to have partition made of the premises. But we do not understand that Mrs. Leech's release of the right of way gave them also the right to control the manner of making that partition. We have not been able to find any authority upon the point, but it seems to us that the company is really not a party to the partition proceedings, but that the only parties are Mrs. Leech and her children. We know that a judgment creditor of a tenant in common is not a necessary party in a proceeding to partition the land upon an undivided part of which he has a lien. It has been held in Massachusetts, "That a railroad corporation is not a necessary or proper party to a process for partition, in consequence merely of having laid out and constructed its road over lands owned by tenants in common. *Weston* v. *Foster*, 7 Metc., 287. In discussing the question, Chief Justice Shaw said that the railroad company, by having laid their road over the premises, acquired only an easement therein, and no title to the estate. They are, therefore, not necessary or proper parties to the proceeding." Not being a party to the partition, it would seem to follow that the company is not the "plaintiff" in the sense of the act. In the very peculiar condition of the case the Circuit Judge concluded that Mrs. Leech, who was required to have partition made, was the "plaintiff"; but it seems that in his order that a writ of partition should issue, he guarded in every way practicable the rights of the railroad company, and we cannot say that he committed error of law.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.