CHARLESTON, &c., R. R. COMPANY v. LEECH.

1. PARTITION—BURDENS.— A tenant in common released a right of way to a railroad, which was built. The other tenants then instituted proceedings for compensation for the right of way so occupied; whereupon the railroad company brought action to require partition to be made between these tenants in common. The court so ordered, and directed the partition to be so made that the releasor's portion should include so much of the roadbed as would be just to the cotenants. Before partition made, this releasor died intestate, leaving her cotenants as her heirs to her portion of this land, which portion exceeded in value all damage done by the con-

struction of the railroad. *Held*, that to the releasor should properly be assigned as her portion that part of the common property upon which she had placed a burden, and her right descending to her heirs with this burden, but worth more than her share, and these heirs now owning all the tract, they must be enjoined from further proceedings for compensation.

Before WALLACE, J., York, April, 1893.

The case was brought to this court by plaintiff on the following exceptions: I. Because his honor erred in holding that the bill cannot be sustained in its present shape; and erred in dismissing the original and supplemental complaints, and vacating the order of injunction. II. Because his honor erred in holding that the heirs at law of Mrs. M. E. Leech did not take the land, or her interest in it, *cum onere*, and were not bound (as she was bound) to afford plaintiff every reasonable facility for the beneficial use of the easement granted by its grantor and their ancestor. III. Because his honor erred in not holding that the children of Mrs. M. Eliz. Leech took her interest in the land charged with the easement by her granted, and that such interest must be subjected to the payment of any amount that the plaintiff might be required to pay for compensation and damage. IV. Because his honor erred in not granting a perpetual order of injunction, it appearing that the value of the interest in the lands descended to the children of Mrs. M. E. Leech is in excess of the damages and compensation claimed for the right of way and construction of plaintiff's roadbed over the entire tract.

*Mr. G. W. S. Hart*, for appellant.

*Mr. C. E. Spencer*, contra.

September 15, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This is the third appeal in this case, the first having been reported in 33 S. C., 175, and the second in 35 S. C., 146, where the general nature of the case and of the facts may be found. It is only necessary now to state generally that the object of the action was to require

Mrs. M. Elizabeth Leech to demand partition of a tract of land in which she had an undivided one-third interest, in order to make effective her grant to the plaintiff company of the right of way for its railroad over her land; and that, until such partition was made, [to stay] the proceedings which had been instituted by the other defendants for an assessment of damages done to said land (in which they had an undivided two-thirds interest) by the construction of plaintiff's railroad over the same. The result of the first appeal was to remand the case, "for the purpose of enabling the Circuit Court to proceed with the partition, in the meantime suspending any further proceedings under the petition filed by the minor defendants for compensation and damages until the partition has been effected."

In pursuance of this direction from the Supreme Court, the Circuit Court ordered a writ of partition to issue, expressly requiring that "the clerk shall insert in the writ a special direction to the commissioners that they must, if the same be practicable, other things being equal, partition the said lands so that the railroad bed and right of way of the railroad company shall lie upon the part (if any) assigned to Mrs. Leech; and if not the entire railroad bed and right of way, then as much thereof as the commissioners shall find it practicable, other things being equal, to include upon the lands (if any) assigned to Mrs. Leech." From this order the second appeal above referred to was taken; not, however, upon grounds affecting the present inquiry, but simply as to the mode of selecting the commissioners. The result of that appeal was to affirm the order from which the foregoing quotation has been made.

After the said order for partition thus affirmed had been made, and before it was executed, Mrs. M. Elizabeth Leech departed this life intestate, leaving as her heirs at law her children, being all of the other defendants in this case, except the guardian *ad litem*, J. Edward Leech. Thereupon the plaintiff, having first obtained leave of the court for that purpose, filed its supplemental complaint, setting forth the death of Mrs. M. E. Leech, leaving as her heirs at law her children above stated; that her undivided interest in the said land, bur-

dened with the easement granted by her to the plaintiff, has
descended to her said children, and they propose to take the
same as an inheritance from their mother, and that such inter-
est "is of value not less than five times the value of the land
taken for plaintiff's roadbed and right of way over the tract,
and of all damages resulting therefrom;" and, after stating
that two of the defendants have attained their majority since
the commencement of this action, demand judgment that the
defendants may be perpetually enjoined from further prose-
cuting the proceedings instituted by them to obtain compensa-
tion and damages for the right of way thus taken by plaintiff.

To this supplementary complaint the defendants answered,
denying each and every allegation therein; but at the hearing
below all of these allegations, as stated by his honor, Judge
Wallace, in his decree, were admitted. In that decree the
Circuit Judge, after stating that since the death of Mrs. Leech,
"the plaintiff contends that the issuing of the writ in partition,
heretofore ordered, has now become impossible, and that the
special proceedings of the minor defendants for damages should
be perpetually enjoined," rendered judgment as follows: "I
cannot sustain the bill in its present shape; and the writ being
now waived by the plaintiff, it is adjudged that the complaint
and supplemental complaint be dismissed, with costs, and that
the temporary injunction heretofore granted against the special
proceedings for damages, be and the same is hereby vacated."
From this judgment plaintiff appeals upon the several grounds
set out in the record.

For a proper solution of the questions raised by the present
appeal it will be necessary to ascertain and fix definitely what
are the points which have heretofore been decided, and
which have thereby become the law of this case, and then
to inquire into the effect of the admitted facts which have
subsequently occurred. It has undoubtedly been determined
that the plaintiff had a right to require that Mrs. Leech should
have partition made of the land, in which she held an undi-
vided interest, in order that her grant of the right of way over
her own share of the land should be made effective; and it is
equally certain that the court has determined that such parti-

tion should be so made as to throw the right of way upon that portion of the land which would fall to her share upon such partition, provided it would be practicable to do so without prejudice to the rights of the children, the other tenants in common. The question, then, is as to the effect the admitted facts—that Mrs. Leech died intestate, before partition was actually effected, leaving as her heirs at law the other tenants in common, who are now entitled, not only to their original undivided two-thirds as heirs of their father, but also to the remaining one-third as heirs of their mother, which is conceded to be worth much more than any damages which they might be entitled to recover under the special proceeding instituted by them—should have.

There can be no doubt that the court in its former decisions proceeded upon the principle that justice and equity required that the burden of the easement which Mrs. Leech had granted to the plaintiff over her undivided and unascertained portion of the land, should be placed upon that portion of the land which should be subsequently ascertained to be hers in severalty, provided it was practicable to do so without prejudice to the rights and interests of the other cotenants. It is upon this principle that the court has frequently held that when one tenant in common has put improvements upon the common property, while he is not entitled to compensation for such improvements, yet when partition comes to be made, it shall be so made as to allot to the improving tenant the part which he has improved, if the same can be done without prejudice to the interests of his cotenants. *Scaife* v. *Thomson*, 15 S. C., 337, besides many other cases. It seems to us that this principle should work both ways; and where a tenant in common has undertaken to place a burden upon the common property, partition should be, if practicable, so made as to allot to such tenant in common the portion upon which the burden has been placed. See *Young* v. *Edwards*, 33 S. C., 404. This being so, it follows that if partition had been made before the death of Mrs. Leech, and if it had proved practicable to so make the partition as to throw the right of way upon the share of Mrs. Leech, and she had then died, her heirs at law would take her

share of the common property burdened with the easement which she had placed upon it, and would not have been entitled to any compensation or damages; for her heirs certainly would not be entitled to any higher rights than she had, and she certainly would not be entitled to any compensation.

Apply these well settled principles to the facts of the case as now presented. While it is true that the defendants are now entitled to the whole of the land, yet it must be remembered that their title to the whole is not derived from the same source. They hold their original two-thirds as the heirs at law of their father, while their right to the remaining one-third is derived from their mother as her heirs at law, and, of course, they must take such right subject to any burden which she may have placed upon it. And as the court has heretofore determined that the mother's share should, if practicable, be so laid off as to include the right of way, it seems to us that, following the theory upon which the court has heretofore proceeded in this case, the defendants must take the share of the mother burdened with the easement which she had placed upon it. While it is true that, under the facts as now presented, it would be impracticable to make the partition originally ordered, and, therefore, impracticable to determine whether such partition could be so made as to throw the right of way upon the share allotted to Mrs. Leech, without prejudice to the rights of the other cotenants, yet it is obvious that the practical result intended by the court may be reached even under the changed state of the facts. That result manifestly was to relieve the plaintiff from liability for damages by throwing the right of way, if practicable and with due regard to the rights of the other cotenants, upon the share to be allotted to Mrs. Leech, so that she, and others claiming under her, would take such share burdened with the easement which she had placed upon it.

Since then the defendants have become the owners of the whole of the land, and the partition as originally contemplated cannot now be made; and since it is manifest that the right of way can now be thrown entirely upon the share to which Mrs. Leech would have been entitled if she were still living, without any detriment to the rights of the other cotenants, as they are

now the owners of the whole of the land, it is clear that the theory upon which the court has heretofore acted may still be carried out, by regarding that as done which the court intended should be done: that is, by considering that it has proved practicable to make such a partition of the land as would throw the entire right of way on the share of Mrs. Leech, without prejudice to the rights of the other cotenants in their original two-thirds interest; for it is conceded that the value of the remaining one-third which they have acquired by inheritance from their mother far exceeds any damages which may have been done to the land by the construction of the railroad, and hence they are no longer entitled to any damages.

The judgment of this court is, that the judgment of the Circuit Court be reversed and that the case be remanded to that court, with instructions to grant the perpetual injunction, as prayed for in the supplementary complaint.