### GRANGER v. POSTAL TELEGRAPH CO.

TRESPASS—RIGHT OF WAY—TELEGRAPH CO.—CONDEMNATION.—Where one tenant in common grants permission to a telegraph company to construct and maintain a telegraph line across the common property, another tenant cannot maintain an action against the company for trespass and damages by reason of such construction, unless the company has committed a trespass in doing something not properly incident to the exercise of the right granted, or in injuriously exercising the right in a negligent manner, but his remedy is by condemnation.

Before DANTZLER, J., Pickens, October, 1903. Affirmed.

Action by Frances Granger against Postal Telegraph Company. From judgment of nonsuit, plaintiff appeals.

*Messrs. Morgan, Mauldin & Mauldin,* for appellant, cite: *Condemnation does not apply:* 28 S. C., 388; 59 S. C., 377; 38 S. C., 308; 42 S. C., 431; 21 S. C., 430; 37 S. C., 336; 47 S. C., 484; 56 S. C., 30; 63 S. C., 462; 60 S. C., 387.

*Mr J. P. Cary,* contra, cites: *One tenant had right to authorize the construction:* 33 S. C., 175; 39 S. C., 446; 32 S. C., 410; 1 Add. on Torts, 447; 18 Ency., 1132-4; 58 S. C., 145, 532. *Condemnation is plaintiff's remedy:* 58 S. C., 532; 62 S. C., 52; 17 S. C., 574; 21 S. C., 420.

February 18, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This appeal is from an order of nonsuit.   Frances Granger, Mary Granger and Emily Granger were tenants in common of a tract of fourteen acres of land in Pickens County.   On August 29th, 1902, Mary Granger executed an instrument in writing, granting the defendant company "The right to construct and maintain its lines of telegraph, including necessary poles and fixtures, over the property which I own or in which I have any interest in the county of Pickens, State of South Carolina, and along the roads, streets and highways adjoining said property, with the right to remove all trees necessary for the proper erection and maintenance of said lines or poles, and to trim all trees necessary to keep the wires cleared at least twenty feet, to set necessary guy and brace poles, and to attach to the trees necessary guy wires.   Damages to crops and timber are to be paid for at market value." This instrument was executed in the presence of plaintiff, doubtless with her approbation, as she testified, at folio 21, that she had signed an instrument giving permission to run the line over the land.

The Southern Railway divides the tract in question, leaving two acres on one side, containing plaintiff's dwelling house, and twelve acres on the other side.   The telegraph company located and constructed its line through the centre of the twelve-acre portion, parallel with the railway, and no objection is raised as to that location of its line.   The plaintiff's dwelling fronts upon the highway, and is reached by a private road from the highway to the house.   The employees

34—70

of the defendant, in hauling the necessary poles from the public highway, used the road leading to plaintiff's dwelling as far as it extended, and then went across plaintiff's land and the Southern Railway track to the claimed right of way. With reference to the route of the wagons, Mr. A. H. Wesley, a witness for the plaintiff, stated that they had to go that way as there was a branch or gully that kept them from going the other way without building a bridge. The hauling was done in early spring when the ground was very wet, so that the wagon wheels cut deep into the soil and some terraces on the land were run over and cut, thereby rendering the land liable to wash. Several times when the wagons got to the plaintiff's house and started in on the land, plaintiff told them not to go across the field. A part of this strip of land was woodland, and defendant cut a space through for its line about thirty feet wide. Plaintiff stated that defendant could have gotten off her land without its line running through the woods, and that she told them not to go across the woods. Plaintiff made no effort in the testimony to distinguish between injury to the land and timber within the right of way as located, and without the right of way; and in so far as witnesses made any estimate of damages, it included the injury on the right of way claimed.

Upon the close of the testimony for plaintiff, tending to show facts as above stated, defendant moved for nonsuit upon two grounds: (1) that where permission to enter upon land of another is given, no action for trespass will lie; (2) that plaintiff's remedy was under the condemnation statutes. The nonsuit was sustained on these grounds and the exceptions question the correctness of the Court's ruling.

The action in this case was not upon the contract contained in the instrument granting the right of way for damages to crops and timber at market value, as stipulated for therein, but was for damages for trespass as shown by the following allegation of the complaint: "That the defendant, its agents and employees, has heretofore

trespassed, and is, at the time of filing this summons, trespassing upon the lands of the plaintiff by going upon the lands, cutting timber, wrongfully driving its wagons across tillable lands of the plaintiff, where it has no right so to do, and thereby breaking down terraces and causing the lands to wash and otherwise injuring the lands of the plaintiff, in violation of repeated warnings and objections from the plaintiff or her agent, whereby the plaintiff's lands, both forest lands and lands in cultivation, have been injured to the damage of the plaintiff in the sum of three hundred ($300) dollars." It cannot, therefore, be contended that nonsuit was improper, because there was some evidence of damages to timber, and, under the contract, the cause should have been submitted to the jury. The action was in tort, and not on the contract.

Mary Granger, as tenant in common, had the right to grant permission to defendant company to construct and maintain its telegraph lines through the property, and especially as this was done with the knowledge and consent of plaintiff, there is no foundation for an action of trespass by reason of such construction, unless defendant had committed a trespass by doing something not properly incident to the exercise of the right granted, or in injuriously exercising the right in a negligent or wanton manner. *Railroad* v. *Leech,* 33 S. C., 175, 11 S. E., 635; 39 S. C., 446, 17 S. E., 994; *Willoughby* v. *Railroad,* 32 S. C., 410, 11 S. E., 539; *Rankin* v. *Railroad,* 58 S. C., 532, 36 S. E., 997; *Wallace* v. *Railroad,* 34 S. C., 62, 12 S. E., 815. Appellant's counsel conceded this in argument here, but contended that the case should have been submitted to the jury on the ground that the complaint embraced an action for damages for negligent or wanton injury to plaintiff's land *outside* the right of way as granted and located. It is contended that the words in the complaint, alleging trespass by defendant upon the land, "Where it has no right to so to do," is equivalent to saying, "Outside the right of way granted." Even, if, by

the most liberal construction, we should hold the allegation anything more than a legal conclusion and as meaning what is now contended for in behalf of appellant, still the nonsuit was not improper. The case was evidently conducted on Circuit on the theory that damages could be recovered for alleged trespass upon the land, as an entirety, including that portion covered by the right of way. The testimony was so directed. Upon the testimony, it would be impossible for the jury to say what injury was sustained by plaintiff by reason of anything done outside the right of way, not necessarily incident to the exercise of the right granted. A license to do an act implies authority to do what is necessary for that purpose.

The defendant having entered for the construction of its line with the permission of plaintiff, her only remedy for damages incident to such entry and construction would be under the condemnation statutes—*Rankin* v. *Railroad, supra*—unless the plaintiff should connect herself with the contract made with her co-tenant, in which case her remedy would be under the contract.

The judgment of the Circuit Court is affirmed.