September 8, 1908. The opinion of the Court was delivered by
This is an appeal from an order of Judge Watts refusing to allow the Union Manufacturing and Power Company to intervene in the suit of Sue R. Jeter and Mary A. Jeter against Sara Ida Knight.
It appears that Sue R. Jeter, Mary A. Jeter and Sara Ida Knight were owners, as tenants in common, of a tract of land on Broad River, in Union county. On January 15, 1903, Sue R. Jeter and Mary A. Jeter executed to the Union Manufacturing and Power Company a release or grant of an easement to overflow a portion of said tract by the erection of a dam across Broad River. After the dam was erected, and on March 1, 1906, Sara Ida Knight, who had not granted easement to overflow, brought an action against the Union Manufacturing and Power Company for damages to her undivided one-fourth interest by reason of said overflowing. Among other defenses the Union Manufacturing and Power Company alleged its equity to have the tract so partitioned among the said tenants in common as to have *Page 267 
allotted to granting tenants that portion of the tract affected by the alleged easement, in so far as it may be practicable and equitable to do so without injury to the non-granting tenant.
While this action was so pending, on August 26, 1907, Sue R. Jeter and Mary A. Jeter commenced an action against Sara Ida Knight for partition of said land. The petition for intervention alleges that service of summons in said action was accepted by Wallace Barron, attorneys for Miss Knight, dated August 26, 1907; that on the back of the summons there is an indorsement, dated September 5, 1907, consenting to the docketing of the case, and the said case was docketed September 6, 1907; that the writ in partition being dated September 3, 1907, was filed September 6, 1907; that commissioners were appointed and sworn September 3 and made return, which was filed on September 6, 1907; and that decree and partition was made by Judge Watts at chambers on September 6, 1907. In this petition tract No. 1, alleged by petitioner to be most affected by the back water, was allotted to Sara Ida Knight. The petition alleged that the partition was greatly injurious and prejudicial to the rights of petitioner, and was so intended. The facts stated in the petition were not denied, and the petition was dismissed in a formal order without stating the reasons therefor.
After careful consideration, this Court is of the opinion that it was error not to allow petitioner to intervene, with a view to have partition made so as to secure petitioner's rights in the premises, provided the same may be done without prejudice to rights of the non-granting tenant, Sara Ida Knight.
Section 195 of the Code provides that "the Court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable *Page 268 
neglect." This section should have a liberal construction in furtherance of justice. According to the allegations of the petition the proceedings were had without any notice to petitioner, and no opportunity whatever was given to protect petitioner's rights in the premises. Petitioner was not only taken by surprise, but, according to the untraversed allegations, the proceedings were conducted with a design to render the easements granted by some of the cotenants ineffective. A court of equity should be slow to admit its impotency to correct such glaring injustice.
In Railroad Co. v. Leech, 35 S.C. 146, 14 S.E., 730, the Court held that the grantees of a right of way from one cotenant is not such a party to partition proceedings as would authorize the grantee to participate in the appointment of the commissioners, and there was some expression to the effect that such a grantee was not a necessary or proper party to the partition proceedings; but notwithstanding these expressions, as matter of fact, partition was ordered in said action at the instance of the railroad company and its rights were carefully guarded by explicit directions in the writ, enjoining the commissioners who were sworn to carry out such directions, if practicable, to partition the land so that the railroad bed and right of way shall lie upon the part, if any, assigned to Mrs. Leech, the granting tenant. The case of Railway Co. v. Leech was three times in this Court (33 S.C. 175, 11 S.E., 631; 35 S.C. 146,14 S.E., 730; 39 S.C. 446, 17 S.E., 994), and the case throughout was controlled by the principle that where a tenant in common had placed a burden on the common property, justice and equity demanded that partition should be, if practicable, so made as to allot to such tenant in common the portion upon which the burden has been placed; and on the last mentioned appeal that principle was so far enforced as to hold that the heirs at law of Mrs. Leech taking her interest, which exceeded the damage done by the construction of the railroad, were estopped to claim compensation, *Page 269 
although actual partition was rendered impracticable because the children of Mrs. Leech became owners of the whole upon her death. It was considered by the Court that, under such circumstances, the children took Mrs. Leech's share burdened with the easement.
It is hard to reconcile such a strenuous enforcement of the rights of the easement holder against the interest of the burdening cotenant, with the view that the easement holder has no such interest in the partition as would make him a proper or necessary party to such partition.
We think the better view is that the petitioner in the circumstances stated in this case, is a necessary party to the partition proceedings, as it is delusive to recognize a right while denying opportunity and remedy for its protection.
In Freeman on Cotenancy and Partition, 465, the learned author says: "In those States where such a conveyance is regarded as void against the cotenants of the grantor, the grantee is not usually considered as a necessary party defendant to a suit for partition, and such suit may be prosecuted to a final decree without taking any notice to him whatsoever. But there can be no doubt that the grantee of of a specified parcel will become seized thereof in severalty if, upon partition, it should be assigned to him or to his grantor; and if not so assigned he will lost his entire interest. He is more deeply interested in partition than any of the tenants in common of the entire tract. It little matters to them where their respective proportion may be located. But with the grantee of a special location, it is all-important that such division will be made as will allow his deed to become operative. He is entitled to the consideration of the Court, and will, whenever his claims are known to the Court, be protected, as far as possible, without doing injustice to the cotenants of the whole tract. He has, therefore, been regarded as a proper party defendant, even in States where his conveyance has been spoken of as void against the cotenant or his grantor. In such States, the making *Page 270 
of such a grantee a party defendant may, perhaps, be required by the Courts rather by reason of their desire to do complete justice than as a matter of absolute right; but in States where his conveyance is regarded as valid, and as investing him with all the rights and interests which his grantor had in the tract conveyed, his right to be a party defendant is as absolute as that of a cotenant of the whole tract. Whitton v. Whitton (N.H.), 75 Am. Dec., 167;Mee v. Benedict (Mich.), 39 Am. St. Rep., 546."
In the case of encumbrances, such as judgments or mortgages against the interest of a cotenant, it may not be necessary, as a rule, to make such lien holders parties, because, after partition in kind, the lien will merely be transferred to the tenant's share in severalty, or, in case of sale, the tenant's share in the fund, and thus complete justice be effected, but in Kennedy v. Boykin, 35 S.C. 61,14 S.E., 809, where a tenant in common gave a mortgage on a specific part of the common property, the mortgagee was held to have an equity to require partition, if practicable, without prejudice to other cotenants, so as to allot the specific portion covered by the mortgage as the share of the mortgagor, and thereby save the lien of the mortgage. In this case the right of the easement holder cannot be protected at all, unless it is done in the partition proceedings, and under the allegations this right was wantonly disregarded in the partition proceedings.
The judgment of the Circuit Court is reversed and the case remanded with instructions to open the judgment, allow the intervention of petitioner, and proceed to make partition under specific directions to commissioners to make partition, so far as practicable, without injury to the interest of the non-granting contenant, Sara Ida Knight, so as to allot to the granting tenants, Sue R. Jeter and Mary A. Jeter, the portion of the tract burdened by them with the alleged easement. *Page 271