YOUNG v. EDWARDS.

1. In an equity cause, costs are within the discretion of the Circuit Judge, and his discretion was not abused in this case.
2. A conveyance by one of the tenants in common to a stranger of a definite portion of the common property by metes and bounds, is not void, but will not be permitted to operate to the prejudice of the other co-tenants.
3. And where the portion of the common property, so designated by metes and bounds, is conveyed by one of the co-tenants for valuable consideration, with general warranty, and does not exceed in value or acreage the grantor's share, it will operate as a conveyance of the grantor's undivided interest in the entire lot, and under proceedings for partition of the entire lot, the portion so designated will be allotted to such grantee, where this can be done without prejudice to the interests of the other co-tenants.
4. Where a deed purports to convey the fee for valuable consideration, and there is evidence to show a valuable consideration, and both referee and Circuit Judge find that there was, it will not be held that there was no valuable consideration, or that the conveyance was for the grantee's life only.

Before WITHERSPOON, J., Aiken, July, 1889.

This was a suit by Olivia Young and others against Patience

Edwards and Elizabeth Howard, commenced May 23, 1877. From the Circuit decree the defendant, Patience Edwards, appealed, because it required her to pay a part of the costs. The plaintiffs and Elizabeth Howard appealed on the following grounds:

1. Because the deed from Elizabeth Howard to Frank Edwards being a deed of one tenant in common, made without the consent of the other co-tenants, is null and void, and his honor, the presiding judge, erred in not so deciding.

2. Because the deed from Elizabeth Howard to Frank Edwards, if good against Elizabeth Howard, is not valid against the plaintiffs, and it was error in the presiding judge in not so deciding.

3. Because his honor, the presiding judge, erred in holding that thirty dollars was the consideration of the deed from Elizabeth Howard to Frank Edwards, whereas the uncontradicted evidence shows that the deed was made without consideration, and he should have so found.

4. Because his honor, the presiding judge, finds that the deed from Elizabeth Howard to Frank Edwards, while conveying only a third part of the lot left by John Young, was intended by Elizabeth Howard to convey her entire interest in the lot left by said John Young; there is no evidence to support such intent, and his honor erred in not so finding.

5. Because the deed from Elizabeth Howard to Frank Edwards is without consideration, and it is contrary to equity and good conscience to so construe it as to cover the entire interest of Elizabeth in the real estate of her deceased husband, John Young, and his honor erred in not so finding.

6. Because from the evidence it appears that Elizabeth Howard intended to convey to Frank Edwards only the part of the lot covered by such deed, and did not intend thereby to convey her interest in the whole lot left her by her deceased husband, John Young. And therefore if her deed is binding upon her, it should be held only to convey her undivided interest in the lot described in the deed to Frank Edwards, and his honor, the presiding judge, erred in not so deciding.

*Messrs. Croft & Chafee*, for plaintiffs and Elizabeth Howard.

A deed made by one tenant in common to a part of the premises by metes and bounds, without the consent of the other cotenants, is void. Freem. Part., §§ 199, 200; 6 Am. Dec., 22; 24 *Id.*, 430; 31 *Id.*, 615; 75 *Id.*, 170. A warranty deed to a portion of the lot, does not show an intention to convey the grantor's undivided interest in the whole, the deed being without consideration. Devl. Deeds, § 837; 23 S. C., 235; Freem. Part., § 505.

*Messrs. Henderson Bros.*, for Patience Edwards, contended that the deed was not void, citing 3 Lead. Cas. Real Prop., 63; 75 Am. Dec., 171, 172; 6 *Id.*, 24; Freem. Part., §§ 205, 199; 21 S. C., 509; 5 Wait Act. & Def., 87, 101. Eliz. Howard is estopped by her warranty. Freem. Part., § 505; 30 S. C., 305.

October 14, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was a proceeding for partition of real estate, and the controversy grows out of the following state of facts. On the 3rd of April, 1871, a certain lot of land in the town of Aiken was duly conveyed to one John Young, the father of the plaintiffs and the husband of the defendant, Elizabeth. Soon after this conveyance was made, John Young died intestate, leaving as his heirs at law his widow, the defendant Elizabeth, who subsequently intermarried with one Peter Howard, and his children, the plaintiffs. On the 3rd of April, 1883, the defendant joined her second husband, Peter Howard, in a deed with full covenants of warranty, conveying to one Frank Edwards a part of said lot of land, by metes and bounds, and the said Frank Edwards, by his will, devised the same to the defendant, Patience Edwards, who is now in possession thereof. The action below was commenced by plaintiffs against Patience Edwards alone for the partition of that portion of the original lot conveyed to said Frank Edwards by the said Peter Howard and his wife Elizabeth. The plaintiffs were required to amend by making said Elizabeth Howard a party defendant, which having been done, the case was referred to a referee to hear and determine the issues.

The referee reported that while no money passed between the parties at the time the deed to Frank Edwards, above referred to,

was made, yet there were other considerations moving the said Elizabeth Howard to make said deed, and he found that said deed operated as a conveyance of the whole interest of the said Elizabeth in the original lot of land to the said Frank Edwards, which, by his will, passed to the defendant, Patience Edwards, and as a consequence he held that the plaintiffs and the defendant, Patience Edwards, were tenants in common of the entire lot, and entitled to share therein in the following proportions, viz.: Patience Edwards one third and the plaintiffs one-sixth each.   He further held that while one of several co-tenants could not convey his share, by metes and bounds, to a third person, so as thereby to prejudice the right or interests of his co-tenants, yet where such conveyance does not operate to the prejudice of the other co-tenants, it should be respected and given its full force in any partition that might be ordered.   And having found that the portion of the original lot conveyed to Frank Edwards by the said Elizabeth Howard did not exceed, either in area or value, the share to which said Elizabeth was entitled (to which finding of fact there was no exception), he recommended that a writ of partition do issue to divide the entire lot amongst the parties named, in the proportions above specified, and that in making such partition the portion of the lot conveyed to Frank Edwards be allotted to defendant, Patience Edwards, and that the costs of the action be paid by said parties in the same proportions.   To this report both parties excepted, and the case was heard by his honor, Judge Witherspoon, upon the report and exceptions, who rendered judgment overruling all the exceptions and confirming the report.

From this judgment both parties appeal upon the several grounds set out in the record.

The appeal of the defendant, Patience Edwards, rests solely upon the ground that it was error to impose upon her any of the costs.   To this it is only necessary to say that the matter of costs is peculiarly within the discretion of the Circuit Court in cases of this kind, and there was no abuse of such discretion here.

The first point of plaintiffs' grounds of appeal that a deed, by metes and bounds, of a portion of the common property, made by one of several tenants in common, is void—cannot be sustained.

It is conceded that we have no direct authority in this State upon this point, and that there is a conflict in the authorities elsewhere. There can be no doubt that one of several tenants in common may make a valid conveyance of his undivided interest in the common property, and we see no reason why a conveyance, which purports to describe by metes and bounds the portion of the common property which the grantor intends to convey, is not valid as between the parties to such a deed. Of course, such a conveyance will not be allowed to operate to the prejudice of the rights and interests of the other co-tenants; but where it can be given full effect without injury to other co-tenants, there is no reason why it should not be sustained. Such we understand to be the view sustained by the weight of the authorities elsewhere.

It is contended, however, that while such a conveyance may not be absolutely void, yet it only operates as a conveyance of the undivided interest of the grantor in that portion of the common property which is embraced within the metes and bounds set out in the conveyance, leaving the undivided interest of the grantor in such of the common property as lies outside of such metes and bounds still in the grantor, and leaving the undivided interests of the other co-tenants in the portion embraced within the metes and bounds still in the other co-tenants. This may be true as an abstract theory, but the practical inquiry is, can such a theory be applied to the facts of this case? Here the facts are, that the portion of the common property which was designated by metes and bounds does not exceed either in area or value the interest of the grantor, and that it was conveyed by a deed containing full covenants of warranty, and we agree with the referee that these facts are sufficient to show that the grantor intended to convey her entire interest in the original lot—for otherwise she must be regarded as intending to commit a fraud upon her grantee. Elizabeth Howard was unquestionably entitled to an undivided one third of the entire lot, and, having such interest, she proceeds to measure off what she supposed, and what in fact turns out to be, one-third of the lot, and conveys the same with full covenants of warranty to the grantee, Frank Edwards. She did not convey to him her undivided interest in the portion of the lot so cut off, but she conveyed to him what she manifestly

supposed was her share of the entire lot—one-third—by metes and bounds; and we cannot doubt that she intended to convey and did convey her entire interest in the original lot.

Now, while, as we have seen, such a conveyance cannot be allowed to operate to the prejudice of the other co tenants, and if it had turned out that, in order to protect their interests, it would be necessary to assign a portion or all of the lot embraced within the metes and bounds set out in the deed from Mrs. Eliz. Howard to Frank Edwards, that might have done. But, in that event, what would be the effect of the covenants of warranty in the deed? Mrs. Howard by her deed has warranted to Frank Edwards the title to every foot of land embraced in the metes and bounds set out in her deed—not simply the title to her undivided interest in such land—and hence if her grantee should be ousted from any portion of such land, she would be bound to make good to him or his devisee such warranty; and to effect this resort could be had to the share of Mrs. Howard in the entire lot. If it should become necessary in the interest of the other co-tenants to disregard the conveyance from Mrs. Howard to Frank Edwards, in order to effect a proper partition of the entire lot, as it originally stood, then whatever portion of the original lot, outside of the metes and bounds set up in such conveyance, should on such partition be ascertained to be the share of Mrs. Howard, would, upon the principle of estoppel, arising from the covenants of warranty, belong to Frank Edwards or his devisee. But in such a case a Court of Equity, upon well settled principles, would, in decreeing partition, direct it to be so made as to set apart to the grantee of Mrs. Howard that portion of the lot which she had undertaken to convey to him, provided the same could be done without prejudice to the interests of the other co-tenants; and this is precisely what we understand to be the effect of the judgment appealed from.

The plaintiffs urge strenuously that the deed from Elizabeth Howard to Frank Butler was without consideration, and she supposed it only conveyed the estate to him for his life. To say nothing of the fact that this seems inconsistent with the frame of the complaint, by which it is conceded that Patience Edwards, the devisee of Frank Edwards, is entitled to a one sixth interest

in the portion of the lot conveyed by said deed, it seems sufficient to say that the concurrent findings of the referee and Circuit Judge, which appear to be supported by the evidence set out in the "Case," are entirely at variance with this view. The nature of the estate conveyed must be determined by the terms of the deed, which unquestionably conveyed the fee, and while there is no evidence that any money passed at the time the deed was executed, yet there is evidence that there were other valuable considerations moving Elizabeth Howard to make the deed.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.