HIGHLAND PARK MFG. CO. v. STEELE et al.

(Circuit Court of Appeals, Fourth Circuit. July 24, 1916.)

No. 1276.

1. TENANCY IN COMMON ⬅45—CONVEYANCE BY COTENANT OF SPECIFIC PROP-ERTY—EQUITIES OF GRANTEE.

While the deed of one cotenant conveying a specific part of the joint property does not give the grantee the right to the particular tract conveyed as against other cotenants, it is not void, and will be given effect in equity, if it can be done without prejudice to their interests.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 135–137; Dec. Dig. ⬅45.]

2. PARTITION ⬅78—SUIT AGAINST GRANTEE OF ONE COTENANT ALONE—EQUITIES OF PARTIES.

A. and B., who were cotenants in a tract of land, assuming themselves to be sole owners, undertook to make partition by each releasing to the other a specific part of the land. A. thereafter conveyed the particular tract so released to him by metes and bounds to defendant's grantor. Complainants, who were also part owners of the land, brought suit against defendant alone for partition of such particular part. Held, that defendant could not by such action be deprived of its equitable right to have the entire tract valued, and A.'s share thereof set off in that part conveyed by him.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 265–273; Dec. Dig. ⬅78.]

Appeal from the District Court of the United States for the Western District of South Carolina, at Greenville; Henry A. M. Smith, Judge.

On petition for rehearing. Decree modified.

For former opinion, see 232 Fed. 10.

C. E. Spencer, of Yorkville, S. C., and Thomas C. Guthrie, of Charlotte, N. C. (Tillett & Guthrie, of Charlotte, N. C., on the brief), for appellant.

D. E. Finley and J. A. Marion, both of Yorkville, S. C., and E. M. Blythe, of Greenville, S. C., for appellees.

Before PRITCHARD and KNAPP, Circuit Judges, and CONNOR, District Judge.

CONNOR, District Judge. Appellant filed a petition for a rehearing of this cause, in so far only as the decision heretofore rendered, reported in 232 Fed. 10, disposed of what is termed the equitable defense set up in the cross-bill. The facts upon which appellant relies to sustain its equitable defense are quite complicated, and we are of the opinion were not clearly apprehended by the court. It appears that, by the deed executed by John Steele, Sr., to his son, Joseph A. Steele, November 16, 1860, he conveyed 494 acres. As construed by the Supreme Court of South Carolina in Steele v. Smith, 84 S. C. 464, 66 S. E. 200, 29 L. R. A. (N. S.) 939, and by this court in 232 Fed. 10, this deed operated to vest the title to the land in Joseph A. Steele upon the following trusts: One-half undivided interest for the use of his grandson, John G. Steele, for life, with power of appointment by

will, and upon failure to exercise the power to convey to the heirs of said John G. Steele. The other half was vested in Joseph A. Steele to his own use in fee. If John G. Steele failed to execute the power of appointment, it became the duty of the trustee to convey this one-half undivided interest to the appellees, heirs of John G. Steele. If this had been done, upon the death of John G. Steele, the title to one undivided half would have been in Joseph A. Steele in fee, and the other half in appellees, as heirs of John G. Steele. Joseph A. Steele, the father of John G. Steele, however, died prior to the death of his son, leaving surviving, as his heirs, his widow, Eliza J. Steele, his son, the said John G. Steele, and five daughters. The one-half undivided interest owned by him vested in these persons, to their own use, as his heirs at law. The other one-half vested in them upon the trust declared in the deed to their father, Joseph A. Steele.

On August 3, 1868, and subsequent to the death of his father, the said John G. Steele undertook to convey in fee the entire tract of 494 acres to James Pagan. This deed operated to vest in Pagan, or his grantee, Patterson, the life estate of said John G. in one-half, and his interest in the other half in fee, being the interest which descended to him, as one of the heirs of his father, Joseph A. Steele. Upon the death of said John G. Steele July 5, 1905, intestate, therefore, the remainder in the one-half interest held in trust by the heirs at law of Joseph A. Steele vested in the appellees, under the limitation set forth in the deed of John Steele, Sr., to Joseph A. Steele, or they were entitled to call upon them for a conveyance thereof. It appears that the tract was separated by the Landsford road—400 acres thereof lying on the south and west side, and the remaining portion, which is conceded to be 99 acres, on the north and east side. The executors of Patterson, claiming under the Pagan deed, conveyed the 400 acres, on the south and west side of the road, to A. R. Smith and W. B. Wilson. They obtained from the five daughters of Joseph A. Steele a deed for their interest in the entire tract of 494 acres, vesting in them an undivided five-eighteenths interest in fee in the entire tract, and by the deed of John G. Steele to Pagan, thence to Patterson, his interest in the 400 acres, as one of the heirs of Joseph A. The appellees were entitled to one-half undivided interest in the entire tract. Patterson's executors then conveyed to Amelia Pride the 99 acres lying on the east side of the road. This deed operated to vest in Amelia Pride the interest which had vested in Patterson in the 99 acres. Subsequently Amelia Pride conveyed the interest in the 99 acres which she acquired from Patterson's executors to John L. Watson. This deed vested in Watson the interest of John G. Steele, as one of the heirs of his father, Joseph A., which he had conveyed to Pagan, who conveyed to Patterson.

Smith and Wilson and Watson undertook to make a partition of the 99 acres—Watson releasing to Smith and Wilson all of his interest in 27 acres thereof, described by metes and bounds, and they releasing to Watson all of their interest in the balance of the tract. Smith and Wilson thereafter conveyed by the same metes and bounds the 27 acres to the Standard Cotton Mill, and its interest in the same

land was conveyed to appellant, Highland Park Manufacturing Company. Appellees brought suit in the state court against Smith and Wilson and others for partition, and recovered their undivided interest in the 400 acres lying on the south and west side of the road. Steele v. Smith, 84 S. C. 464, 66 S. E. 200, 29 L. R. A. (N. S.) 939. The judgment in that suit, eliminated the 400 acres from this controversy, leaving the appellees tenants in common with the appellant and those who represented the remaining interest in the 99-acre tract.

Appellant insists that, conceding appellees to be entitled to partition, and to have allotted to them nine-eighteenths, or one-half, in value of the 99 acres, it is entitled to have allotted to it five-eighteenths of the same tract, that being the interest acquired under the deed of Smith and Wilson. It further contends that it is entitled to have the entire tract of 99 acres valued, and if the 27 acres conveyed to it, without the improvements, is not of greater value than five-eighteenths thereof, to have it allotted to the appellant. This contention was presented by the cross-bill filed by appellant, which, for the reasons stated by the special master and approved by the District Judge, was dismissed. In view of the fact that, upon the removal of the cause into the District Court, it was properly placed on the equity side of the docket, the court may so mold its decree that the equities of all parties will be conserved and administered. There is no necessity for resorting to a cross-bill. The cross-bill in the record may be resorted to for the purpose of ascertaining appellant's contention as to the facts upon which the equity is based. There are other facts referred to in the transcript upon which appellant asked permission to amend its cross-bill. We do not deem it necessary to further refer to them; so far as they may become relevant in the further disposition of the case in the District Court, they may be brought to the attention of the court. It appears that, before filing the bill herein for partition of the 27 acres, appellees made some settlement with those who claimed to own the balance of the 99-acre tract. We are thus brought to an examination of the contentions made by appellant upon the first hearing, and more clearly and specifically urged upon the rehearing. It will simplify the situation to deal with the case without regard to the 400 acres, appellees having recovered their interest therein, as stated.

Recurring to the position of the parties when Smith and Wilson and Watson, together with appellees, were the owners, and before the attempted partition between Smith and Wilson and Watson of the 99 acres, we find that they owned the land as tenants in common, each holding undivided interests:

Smith and Wilson...................................................5/18
Watson .........................................................1/18
Appellees .......................................................9/18

The other three-eighteenths was outstanding in the widow of Joseph A. Steele. In this condition of the title, a decree for partition would have been easily made. When, however, Smith and Wilson and Watson undertook to make partition by the release or conveyance by Watson to Smith and Wilson of 27 acres, by metes and bounds, as representing five-eighteenths of the entire tract, of which they were ten-

ants in common with appellees, an equitable element between them and the other tenants was introduced.

[1] It is well settled, both upon reason and authority, that, as tenants in common are seised per my et per tout, neither of them owns, or can convey a valid title to, any specific portion of the tract so held in common. A deed undertaking to do so is held by some courts a nullity, the grantee taking no title. It is, however, now established by the weight of authority that a court of equity will treat the deed as a conveyance of such interest as the grantor or cotenant has in the land, not permitting it to operate to the prejudice of the other cotenants. This principle has been recognized by the Supreme Court of South Carolina in Young v. Edwards, 33, S. C. 404, 11 S. E. 1066, 10 L. R. A. 55, 26 Am. St. Rep. 689, in which, after stating the general rule, it is said:

"Of course, such a conveyance will not be allowed to operate to the prejudice of the rights and interests of the other cotenants; but where it can be given full effect without injury to other cotenants, there is no reason why it should not be sustained. Such we understand to be the view sustained by the weight of the authorities elsewhere."

So Mr. Freeman in his work on Cotenancy (section 199) says:

"Although the deed does not impair the rights of the other cotenants, it by no means follows that they may treat it as void, or entirely disregard it. While falling short of what it professes to be, it nevertheless operates on the interest of the grantor by transferring it to the grantee. The latter acquires rights which the cotenants ought to be bound to respect. They ought not to be permitted to ignore his conveyance and treat him as one having no interest in the property." Walton v. Ward, 142 Ga. 385, 82 S. E. 1067; O'Neal v. Cooper, 191 Ala. 182, 67 South, 689.

In Beale v. Johnson, 45 Tex. Civ. App. 119, 99 S. W. 1045, it is said:

"The deed of a cotenant, conveying a specific part of the joint property, is not void, and a court of equity will set apart to the grantee in such deed the particular tract conveyed, if this can be done without prejudice to the other cotenants." Gates v. Salmon, 35 Cal. 576, 95 Am. Dec. 142; Holcomb v. Coryell, 11 N. J. Eq. 548; Story's Eq. Jur. 656c.

The decisions appear to be uniform in holding the equitable doctrine as stated in the foregoing cases. We have not overlooked the cases cited by appellees. It would seem to follow that, upon the execution of the deed by the five daughters of Joseph A. Steele to Smith and Wilson of their five-eighteenths interest in the tract of 494 acres, they became tenants in common with appellees of the entire tract, and upon the conveyance of John G. Steele to Pagan, who conveyed to Patterson, he became also tenant in common to the extent of his interest as one of the heirs of said Joseph A. Steele. Patterson's executors conveyed this interest in the 99 acres to Amelia Pride, who conveyed to Watson, thus putting in him the interest of John G. Steele in the fee in the 99 acres which he inherited from his father, Joseph A. Steele.

Appellant, Highland Park Manufacturing Company, through the Standard Cotton Mills, acquired the five-eighteenths interest in the 99-acre tract which had vested in Smith and Wilson, and was by them

conveyed to the Standard Cotton Mills. Appellees were entitled to make, and according to the usual practice should have made, all of the tenants in common parties to the original suit, treating the 494-acre tract as one body of land to be partitioned. They were under no obligation to recognize the conveyances of the 99 acres and the 27 acres as separating or interfering with the integrity of the original tract, in each and every part of which they were the owners of an undivided one-half. In such a petition, in which all persons interested were parties, the court would have partitioned the entire tract, setting apart to the appellees their one-half, and to the other parties their respective interests, preserving the equities of all parties. They did not pursue this course, but, treating the 400 acres as a separate tract, of which they claimed one-half, they obtained partition thereof in the suit brought in the state court, taking no account of the 99 acres. After thus securing their interest in the 400 acres, they may have treated the 99 acres as one tract, and had partition thereof, making all persons having an interest therein parties to the record.

As we have seen, Smith and Wilson, claiming under the deed from the five daughters of Joseph A. Steele and the deed from Watson, would not have been entitled, at law, to hold the 27 acres by metes and bounds, but would have been entitled to the undivided interest which they had thus acquired, being five-eighteenths. The fact that they held a deed from the cotenant for a specific portion of the land could not affect prejudicially the right of appellees to have their one-half interest in value set apart to them; but, if it could be done without such prejudice, Smith and Wilson had an equity, which the court would have enforced, to have the 27 acres set apart as and for their five-eighteenths interest in the entire 99 acre tract. Mr. Freeman says:

"While no such grantee has an absolute right to have the part granted to him set apart to him, or his grantor, upon partition, yet he has rights which will receive the consideration of the court, and will be respected, so far as they can be, without prejudice to the rights of the other part owners. The court, however, when the interests of the other owners will not be impaired thereby, will set off to the grantees of specified parcels the tracts included within their respective deeds." Cotenancy, § 205.

The learned author further says:

"He is more deeply interested in partition than any of the tenants in common of the entire tract. It little matters to them where their respective portions may be located. But with the grantee of a special location it is all-important that such division will be made as will allow his deed to become operative. He is entitled to the consideration of the court, and will, whenever his claims are known to the court, be protected, as far as possible without doing injustice to the cotenants of the whole tract." Section 465.

So, in Boggess v. Meredith, 16 W. Va. 29, it is said:

"In making such partition, if the parcel sold and conveyed by one tenant in common" by metes and bounds "can be assigned to the purchaser as a part or the whole of the share of his grantor without prejudice to the cotenant, * * * the courts will so assign it, thereby making the purchaser's title perfect."

While the equity of the grantee of one of the tenants in common of a specific portion of the land held in common has been worked out by different methods, the principle upon which the equity is based is uniformly recognized. The courts permit the deed to so operate as to effectuate the intention of the parties to it, without prejudicing the right of the other tenants in common. This is illustrated in the language of the court in Cook v. Great Northern Railroad Co., 3 Tex. Civ. App. 125, 22 S. W. 1012:

"While it has been held that the deed of a tenant in common for a portion of the land by metes and bounds is void, the recognized doctrine in this state is that such a deed will convey an equity which the grantee has a right to assert in a suit for partition, and to have the land conveyed and set apart to him in the partition, if it can be done without prejudice to the other tenants in common."

In that case one of the tenants in common conveyed a portion of the land by metes and bounds. The other tenants made partition of the residue of the tract—not taking into consideration the portion conveyed, or giving any recognition to the rights of the grantee of their cotenant. Thereafter they brought suit for partition of the portion of the tract conveyed, making the grantee party defendant. The Court (Texas) held that, in making partition of the portion of the tract not conveyed, the plaintiffs had recognized the validity of the conveyance and the title of the grantee to the portion conveyed to him, and that they were estopped from asserting any interest therein. The Supreme Court of Michigan in Pellow v. Arctic Mining Co., 164 Mich. 87, 128 N. W. 918, 47 L. R. A. (N. S.) 573, Ann. Cas. 1912B, 827, worked out the equity in the same way.

In Bigelow v. Littlefield, 52 Me. 24, 83 Am. Dec. 484, one tenant in common conveyed by metes and bounds a portion of the land. Thereafter the other tenant sought to have partition of the portion so conveyed, making the grantee party defendant. The court dismissed the petition, saying:

"Plaintiff does not ask that partition may be made of the whole tract in which she claims to be a tenant in common, but only of that portion held by the respondents; and, if she could succeed, she would take from them one-half of the land for which her husband has been paid the full value. But she cannot succeed. When partition of real estate held in common is to be enforced by legal process, the whole tract so held must be partitioned at the same time. One tenant in common cannot enforce partition of part only of the common estate. Nor does a conveyance by one tenant in common of his interest in a part only of the land thus held authorize a cotenant to enforce partition of such part against the grantee, leaving the residue of the estate unpartitioned." Barnes v. Lynch, 151 Mass. 510, 24 N. E. 783, 21 Am. St. Rep. 470.

[2] Without regard to the particular method adopted in each case for protecting the right of the grantee of one of the tenants of a specific portion of the land, the decisions all recognize his right to be protected, if it can be done without prejudice to the rights of the other tenants. In Kennedy v. Boykin, 35 S. C. 61, 14 S. E. 809, 28 Am. St. Rep. 838, it was held that a mortgagee of one tenant in common of a specific part of the land was entitled to have the partition so made that his rights on the part covered by the mortgage should be-

protected—subject, of course, to the limitation that the right of the other tenants should not be prejudiced. Railroad Co. v. Leech, 35 S. C. 146, 14 S. E. 730; Jeter v. Knight, 81 S. C. 265, 62 S. E. 259, 128 Am. St. Rep. 908, in which it was said, citing former decisions of the court, that:

"Where a tenant in common had placed a burden on the common property, justice and equity demanded that partition should be, if practicable, so made as to allot to such tenant in common the portion upon which the burden has been placed."

The equity was enforced and administered upon the same principle in Young v. Edwards, supra.

Applying the principle to the facts in this regard, it would seem that, as appellees had, by suing for and recovering their interest in the 400 acres, elected to treat the 99-acre tract as a separate part of the original tract of 494 acres, they should have sought partition of the entire 99 acres—making all persons who had any interest therein parties to the proceedings. If this had been done, Smith and Wilson, or appellant, as their grantee, would have been entitled to assert the equity to have the decree for partition so molded that, if it could be done without prejudice to the other tenants, the 27 acres for which they held a deed from the cotenant, representing five-eighteenths of the 99-acre tract, should be allotted to them. This equity is vested in the appellant, Highland Park Manufacturing Company, by the conveyance under which it acquired the title of Smith and Wilson. While it does not very clearly appear how it was brought about, it seems to be conceded that appellees have settled with those claiming or holding as tenants in common with them the residue of the 99 acres—they seeking in this suit to have partition only of the 27 acres, treating the residue as eliminated. It is manifest that appellees could not, by any settlement with those who claimed, or owned, the undivided interest in the residue of the 99-acre tract, affect the equity of Smith and Wilson, or their grantee. It may be that they have released to such persons their interest in such residue.

However this may be, as the record now appears, appellant is entitled to have the entire tract valued, and have set apart to it, in severalty, such portion thereof as represents five-eighteenths in value of the whole, unless other conveyances of portions of the tract have affected this equity. If, upon such valuation, it shall appear that the 27 acres is not of greater value than five-eighteenths of the entire tract, the decree will direct the allotment thereof to appellant; if a part thereof is found to be of such value such part should be allotted. The principle upon which the court will frame its decree is stated by Mr. Justice Story:

"Courts of equity in making these adjustments will not confine themselves to the mere legal rights of the original tenants in common, but will have regard to the legal and equitable rights of all parties interested in the estate, which have been derived from any of the original tenants in common." Eq. Jur. 656.

Appellees urge, among other objections to appellant's claim, that it will be necessary, in its administration, to bring into the record

new parties—those to whom parts of, or interests in, the residue of the 99-acre tract have been conveyed. We assumed this to be true in the original opinion filed herein. In the present condition of the record it is not clear whether such necessity will arise. If, however, the court shall conclude that such parties are necessary, we see no good reason why they may not be brought in for the purpose of adjusting the equities and giving to all concerned what is justly due them. Marshall v. Beverley, 5 Wheat. 313, 5 L. Ed. 97.

It is insisted that the attempted partition between Smith and Wilson and Watson was, as to appellees, absolutely void; that the deed of release to the 27 acres by metes and bounds wrought no change in the title or status of either Watson or Smith and Wilson. If by this is meant that such deed could not operate as a conveyance, vesting the legal title to the 27 acres, in Smith and Wilson, or affecting prejudicially the rights of appellees, it is conceded to be true; but, as we have seen, this deed operated to vest in Smith and Wilson equities which could not be destroyed by appellees. They could not be enforced to the prejudice of appellees, but, within this limitation, will be protected and enforced. If it be conceded that the release or quitclaim from Watson to Smith and Wilson was entirely inoperative for any purpose, the deed from Smith and Wilson, to those under whom appellant claims, of the 27 acres by metes and bounds, brings it within the principle upon which the equity now asserted is based. It was an attempt on the part of Smith and Wilson to convey by metes and bounds a specific portion of the 99 acres of which they owned an undivided five-eighteenths interest; hence the deed from Watson to them may be eliminated from consideration, without affecting the equity asserted by appellant.

We are not inadvertent to the difficulties presented in doing so. The unfortunate misconception of the rights of the parties interested, under the deed from John Steele, Sr., to Joseph A. Steele, resulting in complications which none could anticipate, has imposed upon the court the duty of, so far as is possible, securing the substantial rights of those who have acquired, in good faith, interests in, and expended large sums upon, permanent improvements on the portion of the land which they honestly believed to belong to them. While the court will not permit the rights of appellees who are adjudged, in this suit, to be entitled to one-half in value of the 99 acres, to be prejudiced, it will not permit them, in the enforcement of such right to disturb and displace equities of appellant, based upon sound principles of justice. They have sued for, and recovered, their interest in the 400 acres, without taking into account the rights of Smith and Wilson, or their grantees, in the 99 acres. We do not hold they were not entitled to do so, but if they elected to pursue that course, and in doing so, they were doubtless well advised, they eliminated that portion of the original tract from further consideration, leaving their rights, and the rights of the other cotenants, in the remaining 99 acres to be worked out upon equitable principles.

We have given careful consideration to the interesting argument of appellees, oral and by brief. It appears to us that they fail to give

effect to the equitable conceptions upon which the court deals with the rights of parties related to the property in this case. We note the statement in the brief that Watson conveyed to Mrs. Kimbrell 18 acres of the 99-acre tract prior to the purchase by Smith and Wilson from the daughters of Joseph A. Steele. What, if any, effect this fact has on the equity of appellant, we do not perceive, and note it only because counsel attach importance to the fact.

We do not concur with appellant that, for the reasons assigned, appellees are estopped from maintaining this suit for partition of the 27 acres, nor that the bill should be dismissed because they do not ask for partition of the entire 99 acres. We are of the opinion that, for the reasons given herein, the 99 acres constitute the unit, or tract, of which partition should be made. We have not overlooked the admission in the record in regard to the value of the 27 acres as related to the remainder of the tract, but do not think such admission should be adopted as the basis for making a decree herein. The decree from which the appeal was taken, adopting the findings of the special master in regard to the value of the improvements placed on the 27 acres, by appellant and its grantor, and the rental value, directs the appointment of commissioners to make partition upon the basis prescribed, and, if they find that actual partition cannot be made to report to the court the value of the lands sought to be partitioned, etc.

This decree is affirmed, with the following modification: That the commissioner so appointed will also ascertain and report the value of the entire 99 acres, independent and exclusive of the betterments and improvements, together with the value of the 27 acres, also independent of betterments, so that the court may be advised whether said 27 acres is of greater or less value than five-eighteenths of the value of the entire tract, with such other and further information in respect to the value of said 99 acres, or any part thereof, and in regard to the title thereto, as the same has been affected by conveyance of any part or parts thereof, to persons other than the present parties to this record. That the court will, if in its opinion other persons are necessary parties to a final determination of the rights and equities of the present parties, make such orders as, in its opinion, may be necessary to bring such persons into this suit, to the end that a full and final determination of the rights of all parties in interest may be had. The motion made by appellant to amend its cross-bill is not before us. We do not express any opinion in regard to the refusal of the judge to allow the amendment. In our opinion, all questions involving the equities of the parties to any portion of the 99 acres should be considered and disposed of by the court in framing its final decree. Further proceedings will be had in the cause in accordance with the opinion herein set forth.

Modified.