# Earle et al., Appellants, *v.* Delaware, Lackawanna & Western Railroad Co.

*Deeds—Descriptions—Boundaries—Will—Tenants in common—Partition—Parol partition—Findings of fact.*

1. Where one tenant in common conveys by warranty deed a portion of an undivided tract which is equal to his interest in the entire tract, and describes the same by metes and bounds, his grantee will be awarded such portion in partition proceedings, if it can be done without prejudice to the interests of the other tenants in common.

2. Such rule is especially applicable where a father by his will gives certain lands in severalty to his three sons, and provides that they may occupy another particular lot of land jointly or divide it equally as they may agree, and the chancellor finds as a fact that a parol partition had been made of the particular lot by the three sons, before the grantor had conveyed his interest by warranty deed in the land which had become vested in him under his father's will, describing the same so as to include a share in the particular lot.

*Adverse possession—Tenants in common—Ouster.*

3. Where a grantee of three tenants in common conveys the entire property by warranty deed to another, and the grantee and his successors in title hold the same exclusively and adversely for over twenty-one years, the heirs of one of the tenants in common, claiming that the title of the decedent had not passed from him, cannot set up the rule that the possession of a tenant in common is not adverse to his cotenant.

4. The conduct of the grantee in conveying the whole property justified the finding of an ouster, and this, when followed by twenty-one years adverse possession, extinguished any possible interest of decedent and his heirs.

Argued February 21, 1921. Appeal, No. 221, Jan. T., 1920, by plaintiffs, from decree of C. P. Lackawanna Co., June T., 1916, No. 8, dismissing bill in equity, in case of Ruth G. Earle et al. v. Delaware, Lackawanna & Western Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for accounting. Before SEARLE, P. J., specially presiding.

The opinion of the Supreme Court states the, facts.

The court dismissed the bill. Plaintiffs appealed.

*Error assigned,* among others, was decree, quoting it.

*R. W. Archbald,* with him *John R. Wilson* and *Milton W. Lowry,* for appellants.—The deed of November 13, 1855, from Philo Griffin, plaintiffs' ancestor, to Edmund Griffin, under whom defendant claims, conveyed no title to any part of the "wood lot," the coal under which is the subject of controversy: Younkin v. Cowan, 34 Pa. 198; Caldwell v. Holler, 40 Pa. 160; Quinn v. Heart, 43 Pa. 337; Koch v. Dunkel, 90 Pa. 264; Ake v. Mason, 101 Pa. 17; Miles Land Co. v. Coal Co., 246 Pa. 11.

There is no evidence of a so-called parol partition of the "wood lot," such as is relied upon by defendant.

Defendant acquired no title to the land in dispute by adverse possession.

There is no place, as a rule, for the statute of limitations between cotenants: McGowan v. Bailey, 179 Pa. 470; Rohrbach v. Sanders, 212 Pa. 636; Lewitsky v. Sotoloff, 224 Pa. 610; Lamon v. Rodgers, 44 Pa. Superior Ct. 437.

*H. A. Knapp,* of *Knapp, O'Malley, Hill & Harris,* with him *J. H. Oliver* and *D. R. Reese,* for appellee.—A conveyance of a specific part of the common property, by one of several cotenants, may be ratified by the other coten-

ants and thus made to operate as a partition or conveyance in severalty. Accordingly, where a tenant in common, who did not join in his cotenant's grant, himself recognizes the deed by conveying, in like manner, the remainder of the common property by metes and bounds, there is a partition of the land and both deeds are effective: Gordon v. San Diego, 101 Cal. 522; Pellow v. Artic Iron Co., 164 Mich. 87; Johnson v. Stevens, 7 Cush. 431; Worthington v. Staunton, 16 W. Va. 208.

If one tenant in common sells the whole tract, and possession is held adversely, for twenty-one years, the sale and possession amount to an ouster of the cotenant, who is barred by the act of limitations: Culler v. Motzer, 13 S. & R. 355; Lamon v. Rodgers, 42 Pa. Superior Ct. 437; Care v. Keller, 77 Pa. 487.

OPINION BY MR. JUSTICE WALLING, April 11, 1921:

This bill in equity for an accounting involves the title to certain coal land in the city of Scranton, formerly Providence Township. The case was heard upon bill, answer, replication and testimony. Thomas Griffin, the common source of title, died testate in March, 1854, and devised all of his large farm in severalty to three sons, Benjamin, Philo and Durlin and a daughter, Letta, except the tract of thirteen and one-half acres, here in controversy, known as the "Wood Lot," as to which the will provides: "I also give and bequeath unto my sons, Benjamin, Philo and Durlin, to be held and occupied by them jointly or to be divided equally between them as they may agree, the following described piece of land, viz: all that piece or parcel of woodland lying west of the railroad and that portion bequeathed to my daughter Letta and bounded on the south by the parcel bequeathed to my son, Philo." By deed dated August, 1854, Durlin conveyed the land so devised to him to Edmund Griffin, including by proper description his one-third undivided interest in the wood lot. Thereafter, in July, 1855, Benjamin conveyed the land so devised to him unto Ed-

mund Griffin, including a one-third undivided interest in the wood lot. In November, 1855, Philo gave a warranty deed to said Edmund Griffin for certain land, the description of which concludes as follows, viz: "Being part of that land which Thomas Griffin, late of said township of Providence, deceased, owned and occupied at and immediately before his death, and that part of the same which by the will of the said [Thomas] became vested in his said son Philo, the grantor in this indenture, as by reference will fully appear." The chancellor finds that the deed from Philo embraced the land devised to him in severalty and also the adjoining one-third of the wood lot. This accords with the evidence and satisfies the courses and distances called for in the deed. Otherwise the west line is about fourteen perches too long and the north line west of the railroad is wrong both in length and direction, while the call for eleven and two-tenths perches along the westerly side of the railroad must be entirely disregarded. Practically a like description is found in the purchase-money mortgage given to Philo the same day. Despite the strenuous efforts of plaintiffs to establish the contrary, it clearly appears that the north line of the land devised to Philo in severalty west of the railroad was a continuation of that to the east, and, hence, the offset or jog of over eleven rods along the railroad is convincing evidence that his deed to Edmund embraces the adjoining part of the wood lot. As Philo gave a warranty deed for the whole of this adjoining third and was paid for the same, he could not thereafter successfully set up a claim to an undivided interest in the balance of the wood lot. With the consent of his cotenants, equity would allot to him or his grantee the divided one-third which he had assumed to sell. This principle is well stated by the Supreme Court of South Carolina in Young v. Edwards, 10 L. R. A. (O. S.) 55, that, "Where one tenant in common conveys by warranty deed a portion of the undivided tract which is equal to his interest in the entire tract,

and describes the same by metes and bounds, the grantee will be awarded such portion in the partition proceedings, if it can be done without prejudice to the interests of the other cotenants": See also 7 R. C. L., p. 882, sec. 77; Eaton v. Tallmadge, 24 Wis. 217.

That rule is especially applicable here, as the father's will provides that the sons may occupy the wood lot jointly or divide it equally as they may agree, and the chancellor finds upon sufficient evidence that a parol partition had been made thereof prior to Philo's deed. If so, that accounts for the call in the latter for lands conveyed by Benjamin and Durlin to Edmund as the northern boundary. Had Philo intended the northern boundary of his conveyance to be the south line of the wood lot he naturally would have so stated. While there are some circumstances that seem to support appellants' contention, notably the acreage mentioned in the deed from Philo, and the interests of Benjamin and Durlin in the wood lot being referred to in their respective de.ds as "undivided"; yet on the entire evidence we are satisfied that Philo by his deed to Edmund intended to and did convey his entire interest in all the land devised to him by his father, and that appellants, as his heirs, have no interest therein. It is incredible that Edmund, when purchasing this large tract of land as coal property, would knowingly leave in Philo an undivided interest in a small part thereof.

Moreover, in 1856, Edmund Griffin by warranty deed conveyed this entire property, including the wood lot, to Horatio T. Allen, who thereupon by like deed conveyed the same to the Nassau Coal Company, and thereafter by sundry conveyances the title became vested in H. S. Pierce et al., who in 1866 made a lease of the entire property to appellee for coal mining purposes, with surface rights, etc., to continue until all the coal was removed. Appellee has carried on active coal mining operations on the large tract ever since 1876; during which time several veins have been mined under the wood lot, but taken out through the main colliery located on another part of

the farm. Defendant, however, had exclusive and adverse possession of the entire wood lot for more than forty years prior to the beginning of this suit and used the surface thereof for buildings, pasturage, railroad, air shaft, etc. As to this the chancellor finds: "That the defendant, and its lessors, have been in open, notorious, adverse, hostile, exclusive, quiet, peaceable and continuous possession of the 'wood lot,' under a claim of right for a period of over twenty-one years prior to the bringing of this suit." Philo died in 1868 and so far as appears neither he nor those claiming under him made any claim to an interest in the wood lot until this bill was filed sixty years after his conveyance to Edmund.

True, the general rule is that the possession of a tenant in common is not adverse to his cotenant, but here the possession became adverse when Edmund by warranty deed conveyed the entire property to Allen, whose successors thereafter held the same exclusively and adversely to Philo. Such conduct justified the finding of an ouster and when followed by twenty-one years adverse possession extinguished any possible interest of Philo or his heirs: Culler v. Motzer, 13 S. & R. 355; Frederick v. Gray, 10 S. & R. 182; Rohrbach v. Saunders, 212 Pa. 636; Miller v. Miller, 60 Pa. 16; Cannon v. Jackson, 252 Pa. 257; King v. Pardee, 96 U. S. 90, 95; Kittredge v. The Proprietors of the Locks and Canals on Merrimac River, 17 Pickering 246; Sweetland v. Buell, 164 N. Y. 541; 1 Cyc. 1096.

As the lease included both the coal and surface of the wood lot, the suggestion that defendant had failed to show a sufficient separate adverse possession of the former is untenable; as it also is for other reasons.

The question of equity jurisdiction was expressly waived and the chancellor disposed of the case upon its merits and properly dismissed the bill. Appellants having no interest in the land are of course not entitled to an accounting.

The decree is affirmed and appeal dismissed at the costs of appellants.