**BURDINE et al. v. SOUTHERN PUBLIC UTILITIES CO.**

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2414.

**1. Property ⊜⇒6.**

Rights in land must be determined by laws of state wherein situated.

**2. Estoppel ⊜⇒28—Where value of deceased cotenant's interest exceeded damage done under easement conveyed by him, other cotenants, inheriting his interest, could not sue for damages (following Charleston, C. & C. R. R. Co. v. Leech, 17 S. E. 994, 39 S. C. 446).**

Where owner of undivided interest in land as tenant in common with his children conveyed portion thereof, with right to erect dam and impound water thereon, such children, as his

only heirs at law, on his death took his interest burdened with easement, and, where value of interest exceeded damage done by grantee of easement, they could not sue for damages.

**3. Tenancy in common ⊜⇒41—Partition unnecessary, where cotenants of grantor of easement, by deeds containing warranties against claims for damages to other portions of land, inherited grantor's interest.**

Where owner of undivided interest in land, as tenant in common with his children, died after conveying portion thereof, with right to impound water thereon, by deeds containing warranties against claims for damages to other portions, and children inherited his interest, value of which exceeded damage done to land by grantee of easement, there was no need for partition to work out parties' rights, as children were estopped to claim damages because of such warranties.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Action by J. T. Burdine and others against the Southern Public Utilities Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

B. F. Martin, of Greenville, S. C. (Martin & Blythe, of Greenville, S. C., on the brief), for plaintiffs in error.

C. F. Haynsworth, of Greenville, S. C. (H. J. Haynsworth, of Greenville, S. C., on the brief), for defendant in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. This was an action instituted by the heirs at law of Carrie Burdine as owners of a one-third undivided interest in a tract of land in Greenville county, South Carolina, to recover permanent damages for the ponding of water over a portion of said tract by a dam of the defendant, Southern Utilities Company. The dam of defendant was built in 1905, at which time A. M. Burdine, the father of plaintiffs, was the owner of a two-thirds undivided interest in said tract, the remaining one-third interest being owned by plaintiffs. At that time A. M. Burdine, being in possession of the land, conveyed to the predecessor in title of the defendant a small portion thereof, with right on the part of the grantee to erect a 39-foot dam in the Saluda river, and to cover by impounding water that portion included in the conveyance. In 1909 A. M. Burdine executed another conveyance, authorizing the dam to be raised an additional 4 feet and the tract of land aforesaid to be overflowed to so great an extent as might be rendered necessary in

---

[1] Reported in full in the Pacific Reporter; not reported in full in Kansas Reports.

consequence of the raising of the dam. Both deeds contained covenants of general warranty and guaranties of immunity from claims for damage resulting to other portions of the land from impounding the waters of the river. The defendant pleaded in bar of plaintiffs' action the purchase from A. M. Burdine of the right to pond water upon the land, and the warranties contained in his deeds of conveyance, claiming the right to have the tract of land partitioned and that portion affected by the ponded waters allotted as the share of A. M. Burdine.

The question as to the damage done to plaintiffs' interest in the land was submitted to a jury, who assessed said damage at $963. It was admitted of record that this amount did not equal the value of the two-thirds interest of A. M. Burdine in the land. It was also admitted that A. M. Burdine died intestate before the institution of the action, and that his interest in the land had descended to plaintiffs as his only heirs at law. Upon the verdict and admissions as above set forth, judgment was entered for defendant, and plaintiffs bring this writ of error.

[1, 2] We think that the judgment of the District Court was correct. As the land involved lies within the state of South Carolina, the rights of the parties with regard thereto are to be determined by the laws and decisions of that state, and these rights have been settled in a case "on all fours" with the case at bar. Charleston, C. & C. R. R. Co. v. Leech, 17 S. E. 994, 39 S. C. 446. In that case, as in this, there was a conveyance of an easement over land by a parent owning an undivided interest in said land as tenant in common with her children. In that case, as in this, the damages done to the land by the grantee of the easement amounted to less than the value of the interest of the tenant in common who made the conveyance. In that case, as in this, the parent died, and her interest in the land passed to her children as her only heirs at law. The court held, and we think properly, that the children must take the parent's interest burdened with the easement placed upon it, and that, since the value of such interest exceeded the damage done under the grant of the easement, the children were not entitled to maintain an action for damages.

[3] If A. M. Burdine had been living at the time of the trial, the defendant would have been entitled to have the land partitioned between him and his children, and his share therein allotted, so as to include the portion of the land overflowed and damaged, provid-

ed this could have been done without injury to the interests of the other tenants in common. Railroad v. Leech, supra, 11 S. E. 631, 33 S. C. 181, 26 Am. St. Rep. 667; Young v. Edwards, 11 S. E. 1066, 33 S. C. 404, 10 L. R. A. 55, 26 Am. St. Rep. 689; Highland Park Mfg. Co. v. Steele (C. C. A. 4th Circuit) 235 F. 465, 149 C. C. A. 11. But A. M. Burdine having died, and plaintiffs having inherited from him his interest in the land, and it being admitted that this interest was of greater value than the damage done to the lands by the exercise of rights under the easement granted by him, there was no need for a partition to work out the rights of the parties. Under these circumstances the plaintiffs are estopped from claiming the damages which they seek by reason of the warranties contained in the deeds executed by their father. 21 C. J. 1108, and cases cited. A learned discussion of the questions involved will be found in the opinion of the late Chief Justice McIver of South Carolina in Railroad v. Leech, 17 S. E. 994, 39 S. C. 446.

For the reasons stated, the judgment of the District Court is affirmed.

Affirmed.