296 P.2d 474

**Earl STULL and Bessie C. Stull, Plaintiffs-Appellees,**

v.

**The BOARD OF TRUSTEES OF THE DONA ANA BEND COLONY COMMUNITY GRANT, et al., Defendants-Appellants.**

**No. 6036.**

Supreme Court of New Mexico.

April 9, 1956.

Rehearing Denied May 10, 1956.

Edwin Mechem, Las Cruces, for appellants.

T. K. Campbell, Las Cruces, for appellees.

COMPTON, Chief Justice.

This is a quiet title action. Appellees filed their complaint alleging fee simple ownership of the premises involved. The answer denied allegations of substance. Further answering, appellants made claim to an undivided interest in the premises, and from an adverse judgment, they appeal.

Appellees' predecessors in title, Oscar Lohman and Vincent B. May, acquired 173 acres of land by patent from the United States Government. Subsequently, Lohman conveyed an undivided one-half interest therein to one Mary J. Cuniffe, who held the same as tenant in common with the patentee, Vincent B. May, until the date of her death in 1931. She left a last will and testament, devising her interest to three sisters, Nora Bennett, Clara Peacock and Alice Lohman. In 1931, the sisters, Nora Bennett, Clara Peacock and the heirs of Alice Lohman, then deceased, conveyed the north half of the tract to the Town of Las Cruces, describing the same by metes and bounds. Co-tenant, Vincent B. May, did not join therein. Subsequently, the Town of Las Cruces conveyed that tract to appellee, Earl Stull.

Later, in 1941, Vincent B. May died intestate, leaving his widow as his only heir. On July 20, 1942, she conveyed the south half of the tract, the premises involved on appeal, to appellee, Earl Stull, describing the same by metes and bounds. Neither the beneficiaries of Mary J. Cuniffe nor the heirs of Alice Lohman joined therein; however they now claim an undivided one-half interest therein.

The trial court found that appellees had established their title by adverse possession; hence, were fee simple owners thereof. The pertinent finding was that appellees had been in actual, visible, exclusive, hostile and continuous possession, under color of title, for a period of more than 10 years prior to bringing the action, and that during this time they had timely paid all taxes levied against the premises.

■■ A review of the record convinces us the finding is amply supported by substantial evidence. Generally the controlling factor in determining whether the acts of dominion exercised, constitute open, hostile and exclusive possession, is the character and use to which the premises

are adapted. In this respect, the premises were covered with brush, greasewood and sand dunes. Appellees immediately, after acquiring the premises, established corners by placing concrete markers or monuments. They cut (brushed) a path 2 or 3 feet wide around the exterior boundaries where any one going on the premises would very likely notice it. This path has been kept opened at all times. Later, iron pipes were placed at the corners. Various witnesses testified as to having gone upon the premises and observing the boundaries and corners. Some testified that the boundaries were as noticeable as a fence. There is evidence that appellees posted "no dump", "dumpers will be prosecuted", and "please don't dump" signs, on the premises in 1942, which were maintained to date of trial. Also, appellees blocked some old roads across the premises. Further, they paid all taxes when due. We think these acts of dominion were sufficient to give notice to appellants that the property was claimed adversely to them.

In Baker v. Trujillo De Armijo, 17 N.M. 383, 128 P. 73, 75, the court said:

"* * * to constitute an adverse possession there need not be a fence, building, or other improvement made; it sufficing, for this purpose, that visible and notorious acts of ownership be exercised, for the statutory period, after an entry under claim and color of title. * * *

"The uses to which the property can be applied, or to which the owner, or claimant, may choose to apply it, the nature of the property, and its situation are largely controlling factors in determining what acts of ownership might be considered requisite to the assertion of an adverse claim. * * *

" 'All the law requires therefore, is that the possession, or rather acts of dominion by which it is sought to be proved, shall be of such a character as may be reasonably expected to inform the true owner of the fact of possession and an adverse claim of title.' "

Also see Lummus v. Brackin, 59 N.M. 216, 281 P.2d 928; G O S Cattle Co. v. Bragaw's Heirs, 38 N.M. 105, 28 P.2d 529; Jackson v. Gallegos, 38 N.M. 211, 30 P.2d 719.

Appellees' possession, under color of title, was not only sufficient to convert the possession of the grantees into adverse possession but it operated as an ouster and disseizin of all co-tenants. Witherspoon v. Brummett, 50 N.M. 303, 176 P.2d 187; Baker v. Trujillo De Armijo, supra.

Error is assigned for failure to comply with Rule 52(b) (5), our Rules of Civil Procedure, which reads:

"All requested findings of fact and conclusions of law not included in the court's decision as herein provided, shall be by the court marked "Re-

138

fused", and shall be filed as a part of the record proper."

 Appellants tendered many findings of fact supporting their theory of the case which were refused. The court did not separately mark each finding "refused", but entered an order as a part of the decision refusing all requested findings and conclusions submitted by the parties in conflict with those made by the court. We think the formal order satisfied the requirements of the rule. Its effect was to deny all of appellants' requested findings. Edwards v. Peterson, N.M., 295 P.2d 858; Sandoval County Board of Education v. Young, 43 N.M. 397, 94 P.2d 508. The findings made by the court having substantial support in the evidence, the refusal to find to the contrary was not error. Guzman v. Avila, 58 N.M. 43, 265 P.2d 363.

The judgment rests on both adverse possession and equitable partition. In view of the announced conclusion, however, we need not discuss the latter question. But see Earle v. Delaware L. & W. R. Co., 270 Pa. 152, 113 A. 196; Young v. Edwards, 33 S.C. 404, 11 S.E. 1066, 10 L.R.A. 55; Highland Park Mfg. Co. v. Steele, 4 Cir., 235 F. 465; Starr v. Brooks, Tex.Civ.App., 222 S.W. 660, 661. Also compare Madrid v. Borrego, 54 N.M. 276, 221 P.2d 1058.

The judgment will be affirmed, and It Is So Ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.