491 P.2d 531

Emmett T. CHALMERS, Plaintiff-Appellee,

v.

Henry J. HUGHES and Phyllis Hughes, Defendants-Appellants.

No. 9221.

Supreme Court of New Mexico.

Nov. 22, 1971.

Rehearing Denied Dec. 21, 1971.

Bachicha & Corlett, Santa Fe, for defendants-appellants.

White, Gilbert, Koch, Kelly & McCarthy, Santa Fe, for plaintiff-appellee.

**315**

OPINION

COMPTON, Chief Justice.

This is a statutory quiet title action. The trial court found for the plaintiff. Judgment was entered accordingly and the defendants have appealed.

Title to the land in question has followed a somewhat circuitous path, one rather difficult to follow. In 1957, the title was quieted in one Fergus O. Mera. In 1960, in Cause No. 29286, Elvera Wieneke, successor in title to Mera, brought an action against Emmett T. Chalmers, the plaintiff in this action, and others, to quiet title. Issue was joined by Chalmers also claiming title, and discovery proceedings were begun by him. In attempting to make discovery, Chalmers sought to have Wieneke give her deposition but she failed to appear. Chalmers then obtained a court order directing her to give her deposition and Wieneke again refused to permit her deposition to be taken. Having twice refused to allow her deposition to be taken, the court granted Chalmers' motion for default judgment and dismissed Wieneke's action with prejudice. Subsequently, Wieneke conveyed the title to the defendants below. Chalmers has now instituted this quiet title action. The court below held that the dismissal with prejudice in Cause No. 29286 was an adjudication on the merits and res judicata as to Wieneke's claim of title.

The decisive question is whether the dismissal with prejudice in Cause No. 29286 constitutes an adjudication on the merits and is thus res judicata of the issues between the parties and their privies. We conclude that the dismissal with prejudice against Wieneke quieted title in Chalmers and extinguished any claim to title that Elvera Wieneke may have had. Rule 37(d), our Rules of Civil Procedure.

We observe that the trial court relied on Rule 41(b) of our Rules of Civil Procedure in reaching the decision that a

**316**

dismissal with prejudice constituted an adjudication on the merits. Though the court reached the proper result, we feel that the reliance on Rule 41(b) was improper. Rule 41(b) deals with sanctions available for use during the trial, whereas Rule 37(d) spells out sanctions for failure to give a deposition or answer interrogatories. Rule 37(d) of our Rules is adequate in itself to allow a dismissal with prejudice. See Societe Internationale, Etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255. Compare also Halverson v. Campbell Soup Co., 374 F.2d 810 (7th Cir. 1967). See also 74 Harv.L.Rev. 940 (1961) for a discussion of discovery sanctions.

The conclusion reached disposes of appellants' claim that appellee relied on the weakness of appellants' title to prove his claim.

■ Appellants further contend the trial court erred in overruling their objection to the costs assessed against them. Assessment of costs is within the sound discretion of the trial court and will not be disturbed unless there is a showing of abuse of discretion. We see no abuse of discretion in this regard. Hales v. Van Cleave, 78 N.M. 181, 429 P.2d 379; Davis v. Severson, 71 N.M. 480, 379 P.2d 774.

■ Appellants contend further that the court committed prejudicial error in not marking "refused" their requested findings and conclusions as required by Rule 52(B)(a) (5), our Rules of Civil Procedure. We observe that the trial court's decision states that, "The Court has considered such requests and they are all hereby denied except such as are included in this Decision." This statement is a sufficient compliance with the rule. Stull v. Board of Trustees, 61 N.M. 135, 296 P.2d 474.

The judgment should be affirmed, and it is so ordered.

McMANUS, and OMAN, JJ., concur.