THE REFRACTOLITE CORPORATION, Respondent, *v.* PRISMO HOLDING
CORPORATION and Others, Defendants.
HERMAN A. LEVINE, Appellant.

First Department, October 27, 1939.

*Charles A. Schneider* of counsel [*Herman A. Levine* with him on
the brief; *Jesse Silbermann,* attorney], for the appellant.

*Jacob L. Diamond* of counsel [*Kirk & Diamond,* attorneys], for
the respondent.

CALLAHAN, J. The appellant, an attorney at law, commenced an action on behalf of his client, the plaintiff-respondent herein. During the course of the litigation the client moved to substitute other attorneys for appellant, and, in its notice of motion, asked for an order fixing the compensation and fee of the attorney, and for a direction that the papers in the action be turned over to its new attorneys. No claim is made that the attorney had been at fault in the conduct of the litigation, nor was there any assertion in the papers accompanying the notice of motion that the attorney had been paid for his services or had received any security therefor.

In an answering affidavit the attorney alleged that the plaintiff had agreed to pay a fee of $6,000 for the conduct of the litigation, and had promised a payment of $1,000 on account. He asserted that none of these moneys had been paid, and set forth facts to show the value of his services.

In a reply affidavit the plaintiff denied any promise to pay $6,000 or to make a $1,000 down payment, but asserted that at the time the appellant was retained he accepted for his services in this action an assignment from one Gladys C. Korff, the wife of plaintiff's president, of five per cent of any award which might be made to Mrs. Korff in a certain condemnation proceeding.

The dispute was sent to an official referee, who made a report fixing $1,500 as the reasonable value of the attorney's services. The referee also directed that the assignment by Mrs. Korff be canceled, and made certain recommendations concerning the nature of the lien to be granted appellant.

No complaint is made with regard to the fixation of $1,500 as the value of the services, but the attorney claims that the order entered on the referee's report improperly limits his lien in several respects.

The testimony taken before the referee is not before us. The referee's report merely sets forth in brief the substance thereof. We take it from the report that the main dispute concerned the question as to what was the consideration for the assignment of the condemnation award. The attorney insisted that he had received the assignment as compensation for services rendered to Mrs. Korff which had no connection with the present action. The client, on the other hand, repeated the claim which it had asserted in the affidavits to the effect that the attorney had accepted the assignment in payment for his services herein. While the report of the referee is not clear on the point, we infer from the fact that he recommended the cancellation of the assignment that he found that the assignment had been given in payment for the services to be rendered in this action.

Mrs. Korff, the assignor, though not a party to this action, appeared by attorney before the referee. However, she did not give any testimony concerning the consideration for the assignment, nor does the record show what position she took concerning this disputed sum.

Assuming for the purpose of this appeal that the finding of the referee with respect to the consideration for the assignment was supported by sufficient proof, we, nevertheless, fail to see any justification for some of the conditions imposed by the order appealed from. That order provided that the attorney's charging or general lien was to become effective only as and when the client received funds with which to pay same. It provided in the meantime for the entry of a lien in the office of the county clerk and register, and directed that the assignment be held as security. It further provided that the attorney was to deliver over to the new attorneys all papers within five days, irrespective of whether the $1,500 was paid. We deem that these provisions, in so far as they circumscribed the attorney's right to enforce his lien, were improper.

Assuming that under the attorney's contract of employment he had agreed to accept the assignment of the condemnation award in payment for his services, that agreement had come to an end when his employment was terminated. The client recognized this when it came in and asked for the fixation of the reasonable value of the attorney's services. The attorney acquiesced in such a fixation. The rule is that when an attorney's employment is terminated without fault on his part, the whole of the contract of hiring falls. It may not be partially abrogated. (See *Matter of Tillman*, 259 N. Y. 133.) A cause of action for the reasonable value of his services arises immediately in the attorney's favor. (*Adams* v. *Fort Plain Bank*, 36 N. Y. 255, 260.) Here the attorney was not required to resort to an action to recover the reasonable value of his services, for he agreed to the fixation of his fees in a special proceeding instituted for that purpose by his client. Ordinarily the client, especially in a case such as this, where the hiring is not contingent, must pay the attorney the reasonable value of his services up to the time of discharge, as a condition precedent to substitution. The court, in all cases, is required to properly secure payment. (*Matter of Dunn*, 205 N. Y. 398.) Special Term, therefore, should have granted the attorney a charging lien in the sum of $1,500 on the plaintiff's cause of action and the proceeds thereof, without limitation as to his right to enforce the same against any of the plaintiff's property. It should have upheld the retaining lien on the papers until the fee was paid. There appears to be no authority for docketing an attorney's lien in the office of the county clerk or register.

If the evidence disclosed that the attorney had accepted an assignment of property as security for the payment of his services, the court might impose such terms with respect to the return or cancellation of the document as were just. These terms might include a direction to surrender the assignment and the court, if it saw fit, might stay the enforcement of the lien until its direction was complied with. It should not, however, limit the right to enforce the lien to any part of the client's assets, or substitute any other form of security for the lien. (*Robinson* v. *Rogers*, 237 N. Y. 467.) Nor did the court have the right to cancel or modify the assignment, especially where the assignor did not join in the proceeding and consent to such an order.

We have assumed for the purpose of this appeal that the proof taken before the referee supported the finding which he seems to have made with respect to the consideration for the assignment. We have done so for the purpose of passing on the legal questions thus presented, but without an opportunity to review the proof. We do not, of course, intend to pass on the sufficiency of proof which is not before us. We direct that a new hearing should be had of the issues. A complete record should be presented in the event of further review.

The order should be modified by striking out all its provisions, except so much thereof as fixes the reasonable value of appellant's services at $1,500, with twenty dollars costs and disbursements to appellant, and the matter remitted to an official referee for further proceedings in accordance with this opinion.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; DORE, J., concurs in result.

Order unanimously modified by striking out all its provisions, except so much thereof as fixes the reasonable value of appellant's services at $1,500, with twenty dollars costs and disbursements to the appellant, and the matter remitted to an official referee for further proceedings in accordance with opinion. Settle order on notice.