In the Matter of the Application of LINA RICH against MCCLURE JAQUES, an Attorney and Counselor at Law, to Have Determined the Extent of His Lien if Any, upon Certain Papers and to Compel Him to Turn over to Petitioner a Certain Mortgage upon Real Property in Suffolk County, State of New York, and a Certain Deed on Such Property. MCCLURE JAQUES, Appellant; LINA RICH, Respondent.— In a proceeding to fix the amount of appellant's lien, as attorney for the petitioner, and to compel him to restore to petitioner certain papers in his possession, order on reargument, entered March 25, 1940, modified on the law by adding to the first ordering paragraph, after the words " the papers mentioned in said original order," the words " with the exception of the bond and mortgage referred to in paragraph numbered ' 2 ' thereof." As so modified, the order is affirmed, without costs. Appeal from original order, entered December 19, 1939, dismissed, without costs. We do not deem it necessary to pass on the question whether the appellant waived his retaining lien by obtaining judgment against his client in an action at law for his fees. We hold that it was proper for the court to direct the return to petitioner of documents which were her property, in view of the fact that the attorney had security for the debt in the form of a bond and mortgage, and in the absence of any claim that such security was inadequate. It was error, however, to compel the attorney to surrender the bond and mortgage, which are not the property of the client and upon which the attorney has more than a mere lien. Assuming that the court had jurisdiction to direct the surrender of such security in a summary proceeding, as was indicated in *Refractolite Corp.* v. *Prismo Holding Corp.* (257 App. Div. 671), the power should be exercised with due regard to the protection of the attorney by substituting some other and adequate form of security. Such protection is not afforded by the provision of the second order which directs the filing of a bond upon certain contingencies which may never occur. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

In the Matter of the Application of JOHN STILWELL, as Father of JANE STILWELL, an Infant under the Age of Fourteen Years, for Leave to Sell and Convey All the Right, Title and Interest of Said Infant in Certain Real Property, Appellant; WILLIAM R. WHITE, Superintendent of Banks of the State of New York, as Liquidator of Westchester Trust Company, under Section 606 of the Banking Law, Respondent.— Order of the County Court of Westchester County denying appellant's motion for an order (1) reopening the above-entitled proceeding and the account or report of the Westchester Trust Company, as special guardian of Jane Stilwell, an infant; (2) vacating an order made herein dated February 17, 1930, confirming the report or account; and (3) granting leave to appellant, as general guardian of the infant, to file objections to the account or report, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.