**Delsie BORUP, Donald Borup, Arlene Krushenski Borup and Albert C. Borup**

v.

**The NATIONAL AIRLINES, Inc.**

United States District Court
S. D. New York.

Feb. 28, 1956.

See also, 159 F.Supp. 808.

Wilentz, Goldman, Spitzer & Sills, Perth Amboy, N. J., Theodore E. Wolcott, New York City, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City (Reilly & Reilly, New York City, of counsel), for defendant.

DAWSON, District Judge.

This case came on for pre-trial discussion before me on December 17, 1955. At that time, an offer of settlement for the sum of $15,000 was made and accepted by counsel. On January 18, 1956, Theodore E. Wolcott, Esq., attorney for the plaintiffs, telephoned and stated that his out-of-town counsel and client had refused to agree to the settlement. I advised Mr. Wolcott by letter dated January 19, 1956 that if he wished the case to be returned to the Trial Calendar, it would be necessary to file a formal application which should be supported by an affidavit of the out-of-town counsel and the client. I heard nothing further about the matter until the attached application was made dated February 21, 1956. In the interval, all other remaining cases growing out of the crash of the National Airlines plane on February 11, 1952 were pre-tried, a formal pre-trial order entered, and an order entered consolidating those cases for trial. Those cases now consolidated for trial are on the Trial Calendar of this Court.

The attached application shows that both the attorney for the plaintiffs and their New Jersey counsel recommended acceptance of the $15,000 settlement, but that the plaintiffs have refused to accept it. If plaintiffs are not willing to accept the settlement they, of course, have the right to have the case tried, but they have no right to unreasonably delay, as they have done in this case, and then expect to be joined in the consolidated action or to delay the causes of other plaintiffs whose counsel have participated in the pre-trial hearings and who have moved their case along to the point where it is now ready for trial.

The application to restore this cause to the Trial Calendar is granted. The cause shall be restored to the foot of the Trial Calendar for the October, 1956 term.