Delsie BORUP, Donald Borup, Arlene Krushenski Borup and Albert C. Borup, Plaintiffs,

v.

The NATIONAL AIRLINES, Inc., Defendant.

United States District Court
S. D. New York.

Feb. 10, 1958.

Wilentz, Goldman, Spitzer & Sills, Perth Amboy, N. J., Kermit Royce, Perth Amboy, N. J., of counsel, for plaintiffs.

Theodore E. Wolcott, New York City, pro se.

DAWSON, District Judge.

This is a motion by Theodore E. Wolcott for leave to withdraw as plaintiffs' attorney in this action and for an order fixing attorney's fees and allowing disbursements, and continuing same as a lien upon the proceeds of the action, and for such other and further relief as may be proper.

It appears from the motion papers that Mr. Wolcott was retained as attorney for the plaintiffs in this action by Warren W. Wilentz, an attorney of Perth Amboy, New Jersey, who was the representative of the plaintiffs. He was retained to bring an action for personal injuries arising out of the crash of an aircraft owned and operated by the defendant on February 11, 1952, in which three of the plaintiffs were injured. The moving affidavit shows that Mr. Wilentz agreed that 40% of the recovery, whether by suit settlement or otherwise, would be the fee that Mr. Wolcott should receive, and that a statement of retainer was filed with the Appellate Division of the Supreme Court, First Department.

Whether a contingent fee, or retainer, in this amount would be proper, particularly under the present rules of the Appellate Division, is not now before this Court.

Mr. Wolcott, who is an attorney of ability and with considerable experience in litigation arising out of airplane accidents, instituted suit by the filing of a summons and complaint on or about February 10, 1953. Thereafter he put in a very considerable amount of time in the preparation for trial, including participating in depositions and motions and engaging in pretrial conferences and extensive settlement negotiations. In the course of the settlement negotiations the defendant offered settlements of first $15,000 and later $15,500 to the plaintiffs. These settlements appeared to be adequate to Mr. Wolcott and Mr. Wilentz and other experienced trial counsel in New York, and were recommended to the plaintiffs by their counsel. However, the plaintiffs rejected all settlement offers.

This action was one of a series of actions brought by a number of persons who were injured in this one airplane crash. All other actions growing out of this crash have now either been settled or tried. The trial of an action of this nature, if undertaken separately by one plaintiff, would be a protracted trial involving very considerable expense.

It appears that at pretrial conferences held in December, 1955, at which most of the actions were settled, the defendant offered a settlement of $15,000 to the plaintiffs in this action. Mr. Wolcott stated that he would recommend such a settlement to his clients and thereupon, on December 19, 1955, he telephoned Mr. Wilentz and told him of the offer of settlement and asked for approval of the clients. It appears that Mr. Wilentz also recommended to the clients acceptance of the settlement offer. However, Mr. Wolcott states that he was unable to get any answer from Mr. Wilentz as to whether the offer was acceptable to the clients for more than a month, and then only after repeated telephone calls and

# 810

letters on his part. Since the case had been marked settled on the calendar it was then necessary to notice a motion for restoration to the calendar. Mr. Wolcott forwarded the necessary papers to Mr. Wilentz on January 20, 1956. The executed affidavits in connection with such motion were not returned to Mr. Wolcott by Mr. Wilentz until February 20, 1956, one month later. In the interval, while waiting for Mr. Wilentz to take action on these matters, all the remaining cases growing out of this one airplane crash had been pretried, a pretrial order drawn up and an order entered consolidating the cases for trial. As a result the plaintiffs in this case were unable to have their action consolidated with the other cases. See opinion and order of this Court dated February 28, 1956. 159 F.Supp. 807. However, the action was finally restored to the trial calendar and is now on the trial calendar of the court.

By reason of the delays either of Mr. Wilentz or of the plaintiffs, it has now become necessary, as a result of the foregoing, to have this action tried separately, with the additional requirement of time and expenditure which would have been obviated by prompt action on the part of the plaintiffs or their New Jersey attorneys in connection with the settlement offers and the motion to restore the case to the calendar.

▮▮ While an attorney has an obligation to use due diligence in the prosecution of an action, a client equally has an obligation not to so ignore the action as to make the duties of the attorney unreasonably onerous, to delay the trial and possibly to impair the possibility of a good recovery. The inaction of Mr. Wilentz was the inaction of the plaintiffs, since he was their agent. The lack of cooperation of the clients or of Mr. Wilentz at a time when important pretrial proceedings were pending has now made it much more difficult and expensive to try the action, and this condition arose without fault on the part of Mr. Wolcott.

▮ Since the plaintiffs are responsible for the present unsatisfactory situation in which this case now stands as a result of their delays and inattention to the case, good cause exists for Mr. Wolcott withdrawing from the case. His motion for leave to withdraw is granted. Of course if an attorney has no justifiable cause for withdrawal from a case he loses his right to a fee when he withdraws. Holmes v. Evans, 1892, 129 N.Y. 140, 143, 29 N.E. 233; Burstyn v. Pinkis, Sup.App.T.2d Dept. 1941, 25 N.Y.S.2d 12. The mere fact that clients refuse to accept a settlement recommended by the attorney is not ground for his withdrawal. In this case, however, Mr. Wolcott has other grounds which convince the Court that he is justified in withdrawing, as has hereinabove been set forth.

▮ Since Mr. Wolcott has the right to withdraw as counsel in this action, he is entitled to be paid on a quantum meruit basis for the services he has rendered in the action. Matarrese v. Wilson, 202 Misc. 994, 118 N.Y.S.2d 5 (S.Ct., Bronx Co. 1952). Although payment is on a quantum meruit basis, the terms of the retainer may also be considered as a factor in determining the amount. Neiderbach v. Sacks, Sup., Kings Co.1947, 68 N.Y.S.2d 156. On consideration of the papers and of the work done by Mr. Wolcott in this matter, on which the plaintiffs will probably ultimately make some recovery, the Court decides that Mr. Wolcott is entitled on a quantum meruit basis to a fee of $2,-500, and that he shall have a retaining lien upon the papers in his possession and a charging lien upon the recovery in the action for this amount. Mr. Wolcott cannot be required to turn over the papers upon which he holds a retaining lien until he has been paid for his services rendered to date or such payment is secured. Nolan v. Hemingway Bros. Interstate Trucking Co., D.C.S.D.N.Y. 1950, 88 F.Supp. 111; Neiderbach v. Sacks, supra. In accordance with the procedure outlined in Goldman v. Rafel Estates, 1945, 269 App.Div. 647, 58 N.Y. S.2d 168, plaintiffs should either pay this sum to Mr. Wolcott in cash or file an undertaking as a condition for obtaining possession of the papers. So ordered.