OSMOND KEAN, Appellant

v.

EUSTACE V. DENCH, WILLIAM G. CLARENBACH
and PRISCILLA E. CLARENBACH

No. 17,438

United States Court of Appeals

Third Circuit

Argued January 29, 1969

Decided June 27, 1969

*See, also, 413 F.2d 1*

---
[11] Tiffany v. Oyster Bay, 1922, 234 N.Y. 15, 136 N.E. 224, 24 A.L.R. 1267.

GEORGE H. T. DUDLEY, ESQ., St. Thomas, Virgin Islands, *for appellant*

WILLIAM C. LOUD, ESQ. (MCGOWAN, LOUD, CAMPBELL & DENNENBERG), St. Thomas, Virgin Islands, *for appellee*

Before MARIS, VAN DUSEN and ALDISERT, *Circuit Judges*

MARIS, *Circuit Judge*

The plaintiff, Osmond Kean, owner as tenant in common with the defendant, Eustace V. Dench, of land known as Estate Mariendahl, (Western Part), No. 4, Red Hook quarter, on the island of St. Thomas, appeals from a judgment entered in the District Court of the Virgin Islands dismissing the plaintiff's action seeking cancellation of deeds executed by defendant Dench to defendants William G. Clarenbach and his wife Priscilla E. Clarenbach which granted to them his undivided one-half interest in two specific parcels of the land which Kean and Dench owned as tenants in common. The judgment also granted the prayer of defendants Clarenbach for partition between them and the plaintiff of the two parcels of land held by them in common pursuant to the conveyance made to them by defendant Dench.

The complaint charged that a conveyance of a portion of the land held in common by the plaintiff and defendant Dench, called Parcel No. 6, had been made to defendants Clarenbach without the plaintiff's consent; that defendant Dench was negotiating to convey other specific parts of their common land without plaintiff's consent, all to the plaintiff's injury. Defendants Clarenbach answered, admitting the grant to them of defendant Dench's undivided one-half interest in Parcel No. 6 and, in a counterclaim, alleged that defendant Dench had also granted to them his undivided one-half interest in an adjoining part of the common land, Parcel No. 7, and prayed that the complaint be dismissed, that Parcels Nos. 6 and 7 be partitioned between the plaintiff and defendants Clarenbach, and that the plaintiff and defendants Clarenbach be adjudged owners of separate portions thereof, the latter to hold their portion as tenants by the entirety. Defendant Dench also answered,

admitting execution of the two deeds to defendants Clarenbach, and by counterclaim seeking an accounting from the plaintiff for rents to October 1964 received from a tenant, Reddy Rock, Inc.[1]

Pursuant to a stipulation entered into by counsel for the parties, the district court appointed three referees, as authorized by 28 V.I.C. § 458, and directed them to inspect the premises and to report on the feasibility of partitioning the parcels here involved "without great prejudice to the rights" of the plaintiff and defendants Clarenbach. The referees reported that the property could equitably be partitioned into two parcels maintaining the general shape of the original Parcels Nos. 6 and 7, but with an adjustment which they recommended, of the boundaries of the parcels and a right of way to be provided through one of them.

At the trial of the case, the plaintiff's proof rested largely upon documentary evidence. He introduced a lease, the two deeds in question, correspondence between the parties, the referee's report, and parts of defendant W. G. Clarenbach's deposition, which tended to prove the following facts:

The plaintiff and defendant Dench in 1961 owned as tenants in common property known as Estate Mariendahl, No. 4, Red Hook Quarter, St. Thomas. They leased a tract of 10 acres of this land, designated Parcel 1 on the drawing accompanying the lease, for a period of 10 years commencing May 11, 1961 to Reddy Rock, Inc., a Virgin Islands corporation engaged in quarrying stone, for the purpose of removing sand, gravel, stone and dirt from the leased premises in the operation of the lessee's business, at a monthly rental of $400 plus certain royalties as provided in the lease. Defendant W. G. Clarenbach, who signed the lease as president of the lessee corporation, negotiated with

---

[1] The claim for accounting of the rents was settled during the trial.

the lessors for the purchase of about 11 acres, which included approximately the area under lease together with an access road and a storage and repair area. He offered $80,000 for the tract, or in the event that one cotenant did not wish to sell his interest, $40,000 was offered to the other for his undivided one-half interest. On October 21, 1964 defendant Dench by letter informed the plaintiff that he had decided to sell his undivided one-half interest in the parcel, enclosing a survey of the area showing by metes and bounds the portion under negotiation. The plaintiff was further advised that defendant Dench had assigned to defendants William G. Clarenbach and Priscilla E. Clarenbach his share in the lease with Reddy Rock, that his share of future rents from Reddy Rock was to be paid to them, and the plaintiff was asked for an accounting to defendant Dench of the rents received to date. On the same day, October 21, 1964 defendant Dench executed a deed conveying to defendants Clarenbach, as tenants by the entireties, his undivided one-half interest in 11.02 acres, designated as Parcel No. 6 on the map accompanying the deed, which incorporated, approximately, the acreage under lease to Reddy Rock. On October 29, 1966 defendant Dench executed another deed conveying to defendants Clarenbach his undivided one-half interest in another 11.02 acres, designated as Parcel No. 7 on the drawing accompanying the deed, which was contiguous to Parcel No. 6. Defendant W. G. Clarenbach knew that the plaintiff objected to these conveyances.

The plaintiff then rested and the defendants, in defense, sought to show that by certain statements contained in correspondence the plaintiff had ratified the conveyances by his cotenant to defendants Clarenbach. However, the district court rejected this contention, finding no basis for it in the record. The district court also rejected the plaintiff's contention that the conveyances by defendant Dench to de-

fendants Clarenbach, without the consent of the plaintiff, were void, and concluded that since the plaintiff had not shown that he would suffer any prejudice if the property were partitioned between him and defendants Clarenbach, and in the absence of any objections by the plaintiff to the report and recommendations of the referees, the prayer of defendants Clarenbach for partition would be granted and the report of the referees would be adopted. Accordingly, judgment was entered dismissing the complaint and, on the counterclaim of defendants Clarenbach, directing partition of Parcels Nos. 6 and 7 in accordance with the plat which accompanied the referee's report and awarding the revised Parcel No. 6 to defendants Clarenbach and the revised Parcel No. 7 to the plaintiff. The judgment further provided that the plaintiff pay one-half the referees' fees and defendants Dench and Clarenbach pay the other half; that the plaintiff and defendants Clarenbach share real estate taxes on Parcel No. 6 for the years 1965, 1966 and 1967 and on Parcel No. 7 for the years 1966 and 1967; and it awarded the sum of $2,325.85 to defendants Clarenbach for costs of suit and an attorney's fee. This appeal by the plaintiff followed.

On this appeal the plaintiff's first contention is that a tenant in common may not, without the consent of his cotenant, convey by metes and bounds his undivided interest in a portion of the common property to a third person. While some of the earlier authorities hold that such a conveyance is void,[2] we think that the better rule, which is followed by a majority of the states and which was applied by the district court in this case, is that such a conveyance is voidable only and as between the parties is valid and is to be given full effect if it can be done with-

[2] Barnes v. Lynch, 1890, 151 Mass. 510, 24 N.E. 783; Freeman on Cotenancy and Partition, 2d ed. (1886) § 199; Annotation: 77 A.L.R.2d 1378, § 2.

out prejudice or injury to the nonconveying cotenant.[3] The district court accordingly did not err in holding that the deeds from defendant Dench to defendants Clarenbach were not null and void and in refusing to set them aside.

The plaintiff's other contention on this appeal is that defendants Clarenbach were not entitled to the partition of Parcels Nos. 6 and 7 of Estate Mariendahl in which, under the deeds from defendant Dench, they held an undivided one-half interest as tenants in common with the plaintiff. The question which usually arises in a case such as this is whether, in a proceeding between the original cotenants for the partition of the entire tract originally held by them in common, the portion of the tract his interest in which was conveyed by one of them to a third party without the consent of the other must be allotted to that third party in severalty. Most of the authorities hold that this may only be done if it will not prejudice or injure the nonconsenting cotenant.[4] It is said that one cotenant cannot to the prejudice of his cotenant compel in this way a particular portion of the tract held in common to be set off to his grantee in a future partition. The case now before us differs from those cases, however, in that here the grantees of an undivided one-half interest in portions of the original tract, namely, defendants Clarenbach, are the parties who are seeking partition between themselves and the plaintiff of those portions only of the original tract in which they have an interest, and defendant Dench, the cotenant who

---

[3] Young v. Edwards, 1890, 33 S.C. 404, 11 S.E. 1066, 1067; Pellow v. Artic Mining Co., 1910, 164 Mich. 87, 128 N.W. 918, 919–921; Seavey v. Green, 1931, 137 Or. 127, 1 P.2d 601, 603, 75 A.L.R.2d 1451, 1454–1455; Saulsberry v. Saulsberry, 6 Cir. 1941, 121 F.2d 318, 321; 20 Am. Jur.2d Cotenancy and Joint Ownership § 98; Annotation: 75 A.L.R. 1456. Cf. Long v. Howard, 1949, 311 Ky. 66, 223 S.W.2d 376.

[4] Mee v. Benedict, 1893, 98 Mich. 266, 57 N.W. 175, 178–179; Hitt v. Caney Fork Gulf Coal Co., 1911, 124 Tenn. 334, 139 S.W. 693, 697; Annotation: 77 A.L.R.2d 1381, § 5; 40 Am. Jur. (1st ed.) Partition § 32.

made the conveyance to them, is not involved in the partition.

 It has been said that partition is a matter of right[5] and this right is afforded to tenants in common in the Virgin Islands by statute.[6] However, in a case such as the present one we think that the exercise of this right of partition is subject to a similar qualification, namely, that partition between the nonconsenting cotenant and the grantee of his conveying cotenant, of the limited parcels of land an undivided interest in which had been conveyed out of the entire tract originally held in common, may only be had if it can be accomplished without prejudice or injury to the nonconsenting cotenant. Here, therefore, the enforcement of the deeds from defendant Dench to defendants Clarenbach and the validity of the partition between defendants Clarenbach and the plaintiff, which the district court made of the parcels of land involved in those conveyances, depends upon whether the plaintiff has been prejudiced or injured by the partition.[7] In the complaint the plaintiff averred that the grant of Parcel No. 6 and any "future proposed transfers" would be prejudicial because the defendants sought thereby to appropriate the most valuable portions of the land for their own benefit. The plaintiff also averred in his complaint that defendant W. G. Clarenbach was causing irreparable damage by quarrying rock from the land, resulting in damages to the plaintiff in the amount of $25,000. But no evidence was produced during the trial of the case to sustain these claims. Nor did the plaintiff except to the referees' report or complain in the district court that their recommended partition, if adopted by the district court, would be prejudicial to his

---

[5] Willard v. Willard, 1892, 145 U.S. 116; 2 Tiffany, Real Property, 3d ed., § 474.

[6] 28 V.I.C. § 451.

[7] Compare Lasater v. Ramirez, 1919, Texas, 212 S.W. 935.

interest. The plaintiff's whole case rested on his lack of consent to the execution of the deeds. We think, however, that mere objection by a dissenting cotenant, without more, is not good reason for denying partition.[8] In the absence of any evidence that the plaintiff will be prejudiced or injured by the deeds conveying Parcels Nos. 6 and 7, or by the partition recommended by the referees, we cannot hold that the district court erred in giving effect to the deeds conveying defendant Dench's undivided one-half interest, in adopting the referees' recommendations, and in awarding to the defendants Clarenbach the partition they sought. On the contrary, on the record before us, it was the duty of the district court to give effect to the deeds from the granting cotenant, defendant Dench, to defendants Clarenbach, when it could be done, as in the present case, without injury or prejudice to the interest of the nonconsenting plaintiff.

The judgment of the district court will be affirmed.

---

[8] Baltimore Gas & Electric Company v. Bowers, 1960, 221 Md. 337, 157 A. 610, 615, 77 A.L.R.2d 1366, 1374.