Jean M. **JASLOW**, Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

No. 66–C–949.

United States District Court,
E. D. New York.

Feb. 10, 1970.

Balletta & Weintraub, Port Washington, N. Y., by Leonard Weintraub, Port Washington, N. Y., of counsel, Stanley S. Hausen, Flushing, N. Y., Harvey, Harvey & Battey, Beaufort, S. C., by W. Brantley Harvey, Jr., Beaufort, S. C., of counsel, for plaintiff.

MEMORANDUM OPINION

JUDD, District Judge.

A motion to fix fees in this case presents the unhappy problem of dividing an inadequate fee among three sets of attorneys.

The action was begun in the District Court for South Carolina in 1966, based on an accident which occurred on April

23, 1965 on the United States Marine Corps base in Beaufort County, South Carolina. After answer by the defendant, the case was transferred to this court on motion of the plaintiff, because she had moved to New York and the main medical witnesses were in New York.

A New York attorney was substituted for the South Carolina attorneys. He obtained an order increasing the ad damnum from $25,000 to $150,000, and performed further services described below.

Two years later a second set of New York attorneys was substituted, by an order which provided that no payments should be made from the recovery until all the attorneys had filed claims for their services.

Plaintiff had suffered a knee injury, and pretrial conferences disclosed issues concerning both liability and damages.

The case was settled on the date of trial for $9,500. Total fees of all attorneys are limited to 20% of the recovery, or $1,950, under the Federal Tort Claims Act applicable to claims which accrued before January 18, 1967. 28 U.S.C.A. § 2678. Actual disbursements are allowable in addition to the limited fee. 2 Jayson, Handling Federal Tort Claims, (1969) § 307.03, p. 16–48.

The South Carolina attorneys devoted approximately 27½ hours to the case. Their services included the preparation of the complaint, taking the depositions of two witnesses, and negotiating for settlement. Settlement discussions were in the range of $3,500 before the case was transferred. These attorneys incurred disbursements for filing fees, depositions, etc. of $56.35.

The first New York attorney did not state the time involved, but the description of his services indicates that he spent substantially more than 40 hours on the case. He made an extensive investigation, consulted with four treating physicians, obtained a medical report from a fifth physician, attended at the physical examination by the defendant's doctor, prepared an answer to defend-

ant's interrogatories, and attended at the deposition of the plaintiff. His disbursements have already been repaid.

The second New York attorneys estimate that they spent 42 hours on the case. They were required to review the entire file, attended two pre-trial conferences, and negotiated the final settlement. They state that there was no firm settlement offer in the file before they entered the case. But it is not customary for the United States to make a firm offer. Negotiations remain informal until final approval is given from Washington for an agreed figure.

The South Carolina attorney requests 40% of the fee. The first New York attorney requests 15% of the recovery, which would be 75% of the fee; and the second set of New York attorneys requests 60% of the fee.

The originating attorney customarily receives a substantial portion of any fee in contingent matters. His fee is not necessarily limited to a pro rata based on the number of hours spent, although it must be based on a division of services or responsibility. See Canon 34 of the American Bar Association's Canons of Professional Ethics, in force during the period of the lawsuit.

■ While a client has a right to change lawyers at any time, an attorney discharged without cause is entitled to be paid for his services to the time of discharge on a quantum meruit basis. The attorney may require immediate cash payment. Refractolite Corp. v. Prismo Holding Corp., 257 App.Div. 671, 15 N.Y. S.2d 54 (1st Dept. 1939); People ex rel. First Garden Bay Manor, Inc. v. Chambers, 286 App.Div. 1042, 145 N.Y.S.2d 329 (2d Dept. 1955); Borup v. National Airlines, Inc., 159 F.Supp. 808 (S.D.N.Y. 1958); Paolillo v. American Export Isbrandtsen Lines, Inc., 305 F.Supp. 250 (S.D.N.Y.1969). However, it is not unusual to follow the course adopted here, and permit immediate substitution with a lien reserved on the recovery. Schwartz v. Broadcast Music, Inc., 130 F.Supp. 956 (S.D.N.Y.1955); Casazza v. Auto-

motive Co., 276 App.Div. 923, 94 N.Y.S. 2d 639 (2d Dept. 1950); Gagliardi v. Adolph Trucking Co., 4 A.D.2d 676, 163 N.Y.S.2d 520 (2d Dept. 1957).

■ The second New York attorneys in this case must have known that their client had a substantial obligation to the prior attorneys, and that the total compensation was limited to 20%. The fact that the second New York attorneys achieved the ultimate payment of damages to plaintiff is an important factor under Canon 12, but does not permit full payment for services which necessarily duplicate some of those previously performed by the South Carolina attorneys and by the first New York attorney.

All the attorneys will receive less than full compensation for their services, but this is inevitable where the recovery is modest, the total fee is limited by statute, and there are a series of attorneys to share it.

■ Under all the circumstances, the court has determined to apportion $550.00 to the South Carolina attorneys, plus disbursements, $650.00 to the first New York attorney, and $750.00 to the second New York attorneys.