ANN ELIZA TRANBERG

v.

JOHN TRANBERG

RUSSELL B. JOHNSON, Appellant

No. 71-1142

In the Matter of the Guardianship of

ANN ELIZA TRANBERG, etc.,

RUSSELL B. JOHNSON, Appellant

No. 71-1143

United States Court of Appeals

Third Circuit

Argued at Charlotte Amalie, St. Thomas

January 25, 1972

Decided March 2, 1972

479

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for appellant, Pro se*

EDITH L. BORNN, ESQ. (BORNN, MCLAUGHLIN and FINUCAN), St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

OPINION OF THE COURT

ALDISERT, *Circuit Judge*

This appeal by a lawyer from an order of the district court denying reconsideration of an order setting his attor-

ney's fee requires us to decide whether the district court's order reflects an abuse of discretion.

Ann Tranberg, who had a history of epileptic seizures, retained appellant on January 8, 1964, to obtain a partition of property in which she held an undivided one-third interest. Her brothers, John and Otto, each also owned an undivided one-third interest in the same grant. Appellant prepared and Miss Tranberg signed a retainer agreement which provided that appellant would receive twenty percent of all property recovered for his client.

Following consultations with his client concerning the precise apportionment of the land, appellant prepared and submitted cross deeds to counsel for the brothers. Because of a disagreement over a proposed access right-of-way, however, the brothers refused to sign.

John then initiated a proceeding to declare his sister incompetent, and on March 1, 1965, she was declared an incapable person. Because both court-appointed guardians for Miss Tranberg were attorneys, the court requested appellant to withdraw as counsel. Appellant stated that because he had participated thus far in the proceedings, he wished to remain as counsel until the termination thereof. On December 1, 1967, however, he filed a written "withdrawal of counsel" statement; on January 8, 1968, the court requested him to submit a "statement for services rendered in behalf of Plaintiff for approval by this Court," and ordered that "in this and all pending matters" Miss Tranberg would be represented by her guardians. Shortly thereafter, on February 14, 1968, the court ordered the property partitioned.

The subject of our inquiry is the reasonableness of the final award to appellant of $1,500.00 counsel fees by District Judge Walter Gordon on September 30, 1968, a reconsideration of which was denied by Chief Judge Almeric L. Christian on December 10, 1970.

Although requested on January 8, 1968, to file his claim for attorney's fees, appellant delayed action until May 29, 1968, when he advised the court by mail that, relying on the letter of the retainer agreement, he desired an order directing a quit claim deed of "17.018 U.S. acres," representing twenty percent of the parcel awarded to his former client in the partition proceedings.

Not satisfied with this claim, the court requested an itemization of time expended. By letter of August 28, 1968, appellant set forth an itemization of 335.5 hours, stating: "The money value of my fee, if it were to be valued, would be estimated as of the time when the agreement was made and, I would guess its value between fifteen and twenty thousand dollars."

At oral argument, appellant conceded he offered no expert testimony as to the necessity for or the value of the professional services he rendered. Indeed, there is nothing in the record to indicate that appellant requested or was denied an opportunity of a hearing to present any evidence other than that submitted by him in writing.

Appellant argues that an attorney may contract for any fee he chooses at the commencement of his employment, so long as that fee is not excessive. Because, he contends, the fee contracted for here was not excessive, he should be awarded full contract recovery.

■ Appellant overlooks the fact that his client was declared an incapable person on March 1, 1965, and he withdrew as counsel for his client on December 1, 1967, whereas the property was not partitioned until February 14, 1968. Because of circumstances beyond the control of appellant and his client, he was prevented from completing his contractual obligations. Appellant may, however, recover in quantum meruit for the reasonable value of his services. Jaslow v. United States, 308 F.Supp. 1164, 1165 (E.D.N.Y.

1970); Borup v. National Airlines, 159 F.Supp. 808, 810 (S.D.N.Y. 1958).

 It is within the exercise of the court's discretion to decide upon a reasonable attorney's fee. Cappel v. Adams, 434 F.2d 1278 (5th Cir. 1970). In determining the value of the services performed by appellant, the district court enjoyed the benefit of appellant's itemized statement of the time spent on the partition. The court undoubtedly took into consideration that in the Virgin Islands, an action in partition is not a privilege, but a right possessed by tenants in common. 28 V.I.C. § 451. See Kean v. Dench, 413 F.2d 1, 4, 7 V.I. 263 (3d Cir. 1969). The court was, therefore, free to appraise, on the basis of the record and that expertise possessed by trial and appellate judges which results from independent knowledge and experience concerning reasonable and proper fees, the services rendered. Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp., 194 F.2d 846, 849 (8th Cir.), cert. denied, 343 U.S. 942 (1952); First National Bank of Fort Worth v. United States, 301 F.Supp. 667 (N.D. Tex. 1969). Moreover, this determination may be made without hearing expert testimony on the subject. Stanolind Oil & Gas Co. v. Guertzgen, 100 F.2d 299, 302 (9th Cir. 1938).

 The fee was set by an experienced district judge, knowledgeable of the circumstances and professional practices of the community. Another district judge, who formerly served as President of the Virgin Islands Bar Association, refused to reconsider the previous award. To disturb the order from which this appeal has been lodged requires us to find an abuse of discretion. We find no abuse here.

The order of the district court will be affirmed.